WINTER & CO. v. SIMPSON ET AL.

1. APPEAL FROM JUSTICE OF THE PEACE:   *On refusal to issue supersedeas.*
An appeal may be taken from an order of a justice of the peace refusing to allow a schedule of property claimed as exempt, and to issue supersedeas.

2. EXEMPTION:   *Of debt due to defendant :   Garnishment :   Appeal.*
A judgment debtor may exempt from garnishment a debt due him from the garnishee, and if his exemption be refused and judgment be rendered against the garnishee the debtor can appeal.

APPEAL from *Nevada* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*Smoote & McRae* for appellants.

I.   Did the Circuit Court err in overruling the motion to dismiss the appeal ?   The act of the justice of the peace, in granting or refusing a supersedeas upon it, is merely ministerial, and the issuance of it, when improperly refused, can only be enforced by mandamus, and the Circuit Court obtains no jurisdiction on appeal.   *Smith v. Ragsdale, 36 Ark., p. 297.*

In that case the justice of the peace refused the supersedeas, because the schedule was against an execution on a judgment in replevin.   This amounted simply to holding that Smith was not entitled to his supersedeas under the law—which was in effect disposing of it as upon demurrer. But, in whatever way the objection may be presented, the act of the justice of the peace, in granting or refusing it, is ministerial and not judicial, and, if wrongfully refused, the remedy is by mandamus and not on appeal.   If Simpson under the law was entitled to his supersedeas, his remedy was perfectly plain, having been directly pointed out by the Supreme Court in *Smith v. Ragsdale, supra.*

II. In its final disposition of the case, the Circuit Court erred in ordering a supersedeas. Not having control or jurisdiction of the case on appeal, it had no power to make any order about it, except to dismiss. It is unnecessary to cite this court to authorities showing that a court having no jurisdiction can render no judgment.

III. The court likewise erred in quashing the judgment against the garnishees. That judgment was not appealed from. The only appeal was from the refusal of the justice of the peace to issue the supersedeas as to Simpson's debt against the garnishees, Britt & Duvall. And the only question which could have been made on the appeal, if the law had allowed it, would have been as to whether the justice of the peace erred in refusing the supersedeas as to the debt in question. But even if the judgment against the garnishees had been before the Circuit Court on appeal, it could not have quashed it. Cases on appeal, where it is allowable, are tried *de novo* in the Circuit Court. Judgments are quashed only on *certiorari*.

IV. The remaining question, if this court shall think proper to pass upon it, is this: Had Simpson the legal right to schedule, as exempt, the said debt due him from Britt & Duvall? Under the ruling of this court, in *Probst & Hill v. Scott, 31 Arkansas, page 652*, he had not. This court held, in that case, that choses in action were exempt under the Constitution of 1868, because that Constitution "abandoned the policy of exempting specific articles, and provided for the exemption of personal property to the value of $2,000, to be selected by the debtor." *Sec. 1, art. 12, Const. of 1868.*

Now the exemption in this case turns upon the Constitution of 1874, and that Constitution returns to the doctrine of the exemption of "specific articles." *Secs. 1 and 2, art. 9, Const. of 1874.*

The absence of the terms "specific articles" from the Constitution of 1868, and their use in that of 1874, mark the difference between the two Constitutions in this respect, and show the force of *Probst & Hild v. Scott, supra,* as authority in support of our position. The schedule act of March 9, 1877, page 53, has no bearing on the point under discussion. It was probably well enough for the act to require the scheduling of choses in action, but it does not follow therefrom that they are exempt. The right of exemption depends on the Constitution and not on the act.

*Montgomery & Hamby* for appellee.

I.    An appeal was the proper and only remedy under the circumstances.

First—The acts of 1877, page 53, latter clause of section 1, give either party the right of appeal from any order or ruling of the justice.

Second—Mandamus will not lie to control discretion or judicial acts of inferior courts.    *8 Ark., 424.*

The ruling on the demurrer by the justice of the peace was certainly a judicial act, and the judgment in sustaining said demurrer is and was the cause and grounds of appeal to the Circuit Court. See *39 Ark., p. 82, and 27 Ark., p. 116.*

To force the justice to issue a supersedeas after he has judicially passed upon a question involving the construction of the Constitution, and in which construction he has decided that he has no right to issue the supersedeas, would be simply to control his discretion and reverse his judgments by mandamus, which can not be done. See *25 Ark., p. 614.*

The justice of the peace, as a judge, had to pass upon the petition for supersedeas, and the appellee's right to claim choses in action as exempt. It is true that a justice

of the peace often acts as both a ministerial and a judicial officer, but in this case the justice had to render a decision upon a question of law, and render a judgment thereon, and in doing this he certainly acted judicially—exercised a judicial power and discretion—from which act the only remedy is by appeal. See *6 Ark., p. 437.*

We have not overlooked the decision in *36 Ark., page 297*, but think this case quite different from the one decided there. We admit that where the justice is required to do nothing save simply a ministerial act, that mandamus is the proper remedy, but insist that when he makes any order or ruling upon a legal question against one party, that party has the right to appeal, under the act of 1877, page 53. And that when he, as a judge, renders a judgment upon a legal question, that an appeal is the remedy. Mandamus will not lie to compel a judge to grant an injunction, nor to force the approval of an official bond. See *23 American Reports, p. 559*, and *26 Ib., p. 115.*

Mandamus will only lie to compel judicial officers to act, but not to act in a certain way. It will not lie to revise nor correct, but to compel officers to act. See *American Law Register, vol. 1, New Series, p. 379.*

Mandamus is not proper when the party has any other specific remedy (*American Law Register, N. S., vol. 14, p. 646*), and in this case the statute gives the specific remedy. See *Acts of 1877, page 53.*

II. Appellee insists that the demurrer was properly overruled, and that choses in action can be scheduled and claimed as exempt the same as any other personal property.

First—The Constitution of 1874, section 2, article 9, exempts from seizure on attachment, or sale on execution, or other process, from any court, five hundred dollars' worth of personal property, to be selected by the debtor,

regardless of the kind of property thus selected, just so it does not exceed in value the $500; and in this instance the writ of garnishment is but a species of attachment, and is clearly within the meaning of the Constitution, so far as the writ is concerned.

Second—The act of 1877, page 53, contemplates the scheduling of choses in action just the same as other personal property. And *section 5629, Gantt's Digest*, declares debts and choses in action to be personal property.

Third—Debts or choses in action can be claimed as exempt the same as other personal property. See *29 American Reports, p. 707;* also, *sec. 860 of Thompson on Homesteads and Exemptions.*

Exemption laws should be liberally construed. See *38 Ark., p. 113,* and *31 Ark., p. 652;* also, *sec. 7 of Thompson on Homesteads and Exemptions.*

Appellants insist that because the Constitution says specific articles, that those articles must be such as were exempt under the old law; for instance, horses, cows, etc. The word specific was inserted for the purpose of showing the creditor just what property the debtor claimed as exempt. And if the creditor could find any property not described and specified as required by the Constitution, he could have it seized. Again, if the debtor failed to appraise the property at its true value, the creditor could have appraisers appointed by the court to say what the property scheduled was actually worth, and the Constitution requires the property to be specified in the schedule, so that these appraisers can readily find, appraise and value it. Defendant insists that this position is sustained by the act of 1877, page 53.

The word article comprehends anything that can be mentioned, named, or that exists. (See *Webster's Dictionary, page 78.*) And the word specific means that which can

be named, pointed out, described or designated in any way or manner. (See *Webster's Dictionary, page 1267*.) And as all exemption laws are liberally construed, all words contained therein must be given a liberal construction.

It would certainly be contrary to the intention of the framers of the present Constitution to hold that a debtor could schedule a bale of cotton, when if he sold it his creditors could get the proceeds thereof simply by serving a writ of garnishment on the purchaser, before he could settle with the debtor.

This court, in *33 Ark., page 762*, held that a debtor can schedule his property and then turn round and sell it, and the creditor is without remedy.

EAKIN, J. Appellants, in March, 1881, before a justice of the peace, recovered a judgment against T. J. Simpson and another. On the seventeenth of October, following, they sued a writ of garnishment against John Duval and M. Britt, to appear and answer as to their indebtedness, etc., to Simpson. On the twenty-third of October, Simpson gave Winter & Co. notice of his intention, and on the thirtieth, filed a schedule on oath, of articles of property claimed by him as exempt, including the debt due him from Duval and Britt, and prayed that the writ of garnishment which had been issued for that debt might be superseded.

The plaintiffs demurred to the schedule, alleging for grounds, that defendant was not entitled to have the debt due him exempted; which demurrer the court sustained; entering on his docket an order to that effect, and that no supersedeas issue, and that the garnishees be held to answer all interrogatories and allegations. There was, however, a supersedeas as to the other property in the schedule. Defendant gave notice of an appeal.

The parties then all consented to a judgment against the garnishees, to be suspended and await the action of the Circuit Court upon the appeal from the order sustaining the demurrer to the schedule.

In the Circuit Court Winter & Co. moved to dismiss the appeal for want of jurisdiction in the Circuit Court. This was overruled, and they renewed the demurrer to the schedule, which was also overruled. The court then entered judgment that the supersedeas issue, and that the judgment of the justice against the garnishee be overruled. From this the plaintiffs here appealed.

The motion to dismiss the appeal was based on two grounds:

1. Because no appeal could be taken from an order of a justice refusing to issue a supersedeas on a schedule.

2. Because the garnishment was a separate suit, and defendant could not appeal from a judgment against the garnishment.

The grounds of the demurrer seems to have been that a chose in action could not be scheduled.

1. APPEAL FROM JUSTICE OF THE PEACE. On refusal of supersedeas. By act of March 9, 1877, providing the practice in securing exemptions, it is expressly declared that an appeal *may* be taken to the Circuit Court from any order or judgment rendered by the justice of the peace, upon the filing of the affidavit and executing the bond required in other cases of appeal. (*Pamph. Acts 1877, p. 53.*) It has direct reference to any order made upon filing the schedule, and of course embraces an order striking, as it were, a portion of the schedule out, and denying a supersedeas as to that. The remark of our former learned and remarkably careful associate, Mr. Justice HARRISON, in *Smith v. Ragsdale, 36 Ark., 297,* to the effect that an appeal would not lie in such cases, but that mandamus was the proper remedy, was not in fact necessary to decide the case then in judg-

St. Louis, Iron Mountain and Southern Railway v. Shackelford.

ment. The decision upon other points was quite correct. The remark was based upon a very correct estimate of the general nature and function of the writ of mandamus, and the attention of the court was not called to the peculiar provision in the act of 1877. I claim to assume my share of responsibility for an inadvertence into which the court fell, but the declaration is not correct. An appeal in such cases properly lies by force of the statute.

Upon the second ground it is plain that the order affected only the defendant in the original suit, and was made in that suit, upon a matter which, if left at rest, would deprive defendant of his rights to retain the special chose in action as his property. It could not concern the garnishees whether the debt was exempt or not. They were willing to the judgment against them for whom it might concern.

Upon the merits it has already been held by this court that choses in action are property, and may be specifically scheduled, and that the schedule will protect as well against garnishment, which is a kind of execution, as against direct process to be levied on tangible property. *Probst & Hilb v. Scott, 31 Ark., 652.*

2. EXEMP-TION: Of debt due the defendant.