GRIFFITH V. LANGSDALE.

Decided March 22, 1890.

1.  *Attachment—Debtor and creditor having different domiciles—Exempt
    property—Injunction.*

    Where a debtor and his creditor are domiciled in different States, and the
    creditor attempts by attachment in the courts of his domicile to subject
    to the payment of his claim property of the debtor which would be
    exempt by the law of the latter's domicile, the courts of the latter's dom-
    icile will not enjoin the creditor from proceeding, even though he be
    temporarily found within their jurisdiction.

2.  *Violation of injunction improvidently granted.*

    In such case where an injunction was improvidently granted, and the

creditor violates it by obtaining judgment in a court of his domicile and by appropriating to its payment the property attached, the court issuing the injunction will not render judgment against the creditor for the amount of the property so appropriated.

APPEAL from *Miller* Circuit Court in Chancery.

C. E. MITCHEL, Judge.

In October, 1887, Langsdale, a resident of Texas, brought suit against Griffith, a resident of Arkansas, in a justice's court in Texas on an account for $106.42. A non-resident citation addressed to Griffith was issued and returned as served in Miller county, Arkansas. A writ of garnishment was issued against the St. Louis, Arkansas and Texas Railway Co., a company residing in Texas, and returned served. On November 28, 1887, a personal judgment was rendered against Griffith for the amount of the indebtedness. On February 13, 1888, the railway company answered the garnishment, admitting an indebtedness to Griffith of $59.40 for personal services. On February 14, 1888, Griffith sued Langsdale in Miller circuit court to restrain him from prosecuting the garnishment proceeding in the Texas court, claiming that defendant was endeavoring to defraud him of his constitutional exemptions. A temporary injunction was granted. Pending this suit judgment was rendered in the Texas court in the garnishment proceeding on February 27, 1888, for $59.40, and the money paid by the garnishee. These facts were set up in a supplemental complaint. Upon the hearing the complaint was dismissed and plaintiff appealed.

*Arnold & Cook* for appellant.

1. Judgments obtained by fraud, accident, mistake or surprise will be enjoined. High on Inj., secs. 109, 118. The court should have enjoined appellee perpetually from attempting to enforce his judgment. In such cases, courts of equity do not attempt to direct or control the foreign court,

but act by decree *in personam* upon the person of the creditor. 3 Vesey, Jr., 183; 6 Cranch, 148; 40 Ga., 206; 4 Allen, 545; 45 Ark., 178; Story, Eq. Jur., sec. 899. The judgment in the Texas court without personal service was a nullity. 45 Ark., 178.

2.  Under circumstances like these, the intention to evade the exemption laws is presumed. 28 Am. Rep., 454.

Injunction is the proper remedy to prevent a creditor from subjecting exempt property in a foreign State to the payment of a debt. 25 Ohio St., 516; 47 Md., 203; 107 Ind., 490.

If a creditor disregards an injunction and proceeds in a foreign jurisdiction to collect exempt earnings or sell exempt property, he may not only be punished for contempt, but is liable for the amount so collected and judgment may be given for it in the injunction suit. 30 N. W. Rep., 36; 69 Iowa, 725; Pom. Eq., sec. 181, note, 237, 1410.

*J. D. Cook* for appellee.

COCKRILL, C. J.  A creditor, who attempts to evade the exemption laws of his State by resort to attachment proceedings in the court of another State against the property of a debtor who is a resident of the State of the creditor's domicile, may be enjoined by the courts of the latter State from prosecuting his suit in the foreign jurisdiction. *Cole v. Cunningham*, 133 U. S., 107; *Keyser v. Rice*, 47 Md., 203; *Snook v. Snetzer*, 25 Ohio St., 516; *Wilson v. Joseph*, 107 Ind., 490; *Hager v. Adams*, 70 Iowa, 746.

In restraining the proceeding, the court acts, not upon the court of foreign jurisdiction, but upon the person of the creditor. *Pickett v. Furguson*, 45 Ark., 177. The equitable jurisdiction in this class of cases arises from the creditor's effort to evade the law of the State of his domicile. When, therefore, the debtor and creditor are domiciled in different States, and the creditor proceeds by attachment in the courts

1. Attachment—Debtor and creditor having different domiciles—Exempt property—Injunction.

of the State of his domicile against the property of his debtor, there is no cause for the interference by injunction on the part of the courts of the debtor's domicile, even though the creditor be temporarily found within their jurisdiction. That was the state of the case presented by the appellant in this cause. There was no error, therefore, in refusing the injunction.

2. Violation of injunction improvidently granted. But the creditor collected through his Texas attachment a debt due the appellant after the complaint in this cause was filed. That fact was set up in an amendment to the complaint, and it is argued that the court erred in not rendering judgment *in personam* against him for the amount so collected. If it had been collected in disobedience of a rightful injunction, the plaintiff might have been entitled to that relief. *Hager v. Adams*, 70 Iowa, *supra*. But he was not entitled to that measure of relief for the disobedience of the provisional restraining order which had been improvidently issued. Nor does he show any other cause for the recovery from the appellee of the money collected by him under the Texas judgment. The effort of the Texas court to render a binding judgment *in personam* against the appellant upon service of process had in Arkansas was futile; but a writ of garnishment was sued out at the institution of the suit and served upon the appellant's debtor, who paid the amount in suit to the appellee under the order of the Texas court.

The appellant's complaint contained no allegation that the Texas court was without jurisdiction to attach and condemn the debt. It admits the jurisdiction of the court and seeks to avoid the effect of the judgment upon other grounds. But the jurisdiction to seize and condemn the debt being admitted, no ground for recovery is shown.

Affirm.