BIGGS, vs COLBY.

Opinion delivered September 25, 1902.

1.  *Injunction—Restraining Proceedings in Foreign Jurisdiction which Evade Exemption Laws.*

Courts of equity will enjoin a creditor residing in same state as his debtor from prosecuting an action, or proceedings by attachment or garnishment ,in a foreign jurisdiction for the purpose or with the effect of depriving debtor of the exemption laws of his domicile.

2.  *Injunction—Jurisdictional Amount—Foreign Judgment.*

An action by one resident of a state against another, begun in a foreign jurisdiction which deprives debtor of benefit of exemption laws will be enjoined, although the amount sued for is only $12.00, notwithstanding Sec. 3750 Mansf. Dig. (Sec. 2509 Ind. Ter. Stat.) which provides that no injunction shall be issued to stay proceedings on the judgment of a justice of the peace for less than $20.00; for the judgment is in a foreign jurisdiction and this section has no extra-territorial effect, and because this is not an action to stay proceedings upon a judgment, but to prevent a fraud upon the law of this jurisdiction and upon a party entitled to the benefit of the laws of his domicile.

3.  *Exemptions—Right of Appeal—Injunction—Jurisdiction.*

Section 3006 Mansf. Dig. (Sec. 2121 Ind. Ter. Stat.) provides that an appeal may be taken from an order of justice of peace upon a claim of exemptions and this right of appeal is allowed regardless of the

amount in controversy in the action in which the claim is made. An action brought in a foreign jurisdiction,, whereby the judgment debtor is deprived of his right to claim exemptions and an appeal therefrom, if disallowed, deprives him of a right under the law of his domicile and may be enjoined, notwithstanding the amount sued for is less than $20.00.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

Suit by William Biggs against J. H. Colby. From an order sustaining a demurrer to the complaint, complainant appeals. Reversed.

Appellant and appellee both lived in Purcell, in the Southern District. Appellant was indebted to appellee, and, presumably for the very purpose of evading the exemption laws of this jurisdiction,—but whether or not for that purpose,it had such effect,,—the appellee found appellant temporarily in Oklahoma, where he sued him before a justice of the peace, and attached a team and wagon of appellant. The amount sued for was $12. This is an application for an injunction to restrain the appellee from proceeding to further prosecute his action in such foreign jurisdiction. A demurrer was interposed to the complaint, and sustained, to which exceptions were saved, and appeal regularly taken.

*J. W. Hocker*, for appellant.

CLAYTON, J. The only question in this case for our consideration is, was the appellant entitled to the relief prayed for? The relief asked was an order restraining the appellee, a resident of this jurisdiction, from prosecuting an action against appellant

also a resident of this jurisdiction, in a foreign jurisdiction, whereby the appellant was deprived of the exemption laws of his domicile. "The courts of equity of the state where the parties reside will, by injunction, restrain the prosecution in another state of any suit brought there for the purpose of avoiding the exemption laws of the state where both parties reside." Rood, Garnishm. § 103. "A creditor who attempts to evade the exemption laws of his state by resort to attachment proceedings in the court of another state against the property of a debtor who is a resident of the state of the creditors' domicile may be enjoined by the courts of the latter state from prosecuting his suit in the foreign jurisdiction." Wap. Homest. 888; Griffith vs Langsdale, 53 Ark. 73, 13 S. W. 733, 22 Am. St. Rep. 182. "Where a creditor and debtor are both citizens in and residents of the same state, and the creditor institutes an action of attachment and garnishment proceedings in another state to reach credits due to the debtor there, and which would have been exempt from attachment or legal process under the laws of the state where both parties are domiciled, the creditor may be enjoined from further prosecuting the action in the foreign state, as an effort to evade the laws of the state of his domicile." High, Inj. 106. And this same doctrine has been clearly laid down by Chief Justice Fuller in the case of Cole vs Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538, wherein a Massachusetts creditor sought to evade the insolvent laws forbidding preferences by attaching a debt in New York due the debtor, a citizen of Massachusetts. And it makes no difference that the amount in controversy is less than $20. Section 3750, Mansf. Dig. (section 2509, Ind. Ter. St. 1899), which provides that no injunction shall be issued to stay proceedings on the judgment of a justice of the peace where the judgment is less than $20, does not apply to this case, for two reasons; First, the judgment rendered here by the justice of the peace was in a foreign jurisdiction, and this section could have no extra territorial effect;

and, second, this is not an action to stay proceedings upon a judgment. It is to prevent the appellee from practicing a fraud upon the law of this jurisdiction, and depriving the appellant of the right to avail himself of the exemption laws enacted for his benefit. It has been held by the supreme court of Arkansas that the remedy for a failure or refusal of a justice to allow exemptions is by appeal, and this without regard to the amount in controversy. Winter vs Simpson, 42 Ark. 410. Section 3006, Mansf. Dig. (§ 2121, Ind. Ter. St. 1899), provides that an appeal may be taken from any order or judgment rendered by the justice of the peace upon the filing of the affidavit and executing the bond required in other cases of appeal. This is a provision for a specific appeal as to the claim of exemptions, and is not affected by limitation on the right to appeal where the amount in controversy is less than $20. And therefore, had this suit been brought in this jurisdiction, and had the commissioner refused to allow appellant to claim his exemption, even though the amount sued for was less than $20, he could have appealed from this action. The appellant has, therefore, been deprived of a right which he possessed under the law of his domicile, and the action of the appellee was a fraud upon the law, and should have been enjoined.

Reversed and remanded.