. WILLIAMSON VS. FURBUSH, adm'r, etc.

1. RESULTING TRUST:

An executrix recovered judgment on a debt due the estate, under which land was sold and bought by her, and the amount bid credited on the judgment: Held, it became, equitably, the property of the estate, and subject to the debts thereof.

2. ADMINISTRATION, ETC.:

Any competent resident of this State, preferring those who have an interest in the estate, may, under our statute, be appointed administrator; or the sheriff of the county in which the estate may be found, may, as public administrator, assume such trust; but until he assumes the duty of administering, or is directed by the court to do so, the sheriff does not become the administrator of a particular estate, and cannot be required to allow, or reject, a claim against it.

3. ————: *Proceeding to subject property to debts, etc.*

A creditor of an estate cannot proceed to remove incumbrances from the property thereof, and subject it to the payment of his debt, until he has first presented it to the administrator, and had it allowed and classed.

4. ————: *Disposition of assets on settlement of ancillary administration.*

When an ancillary administration is closed, the residue of the assets should be transmitted to the administrator of the domicil, for final settlement and distribution, and not exhausted in the payment of foreign debts.

APPEAL from *Lee* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*Adams,* for appellant.

WALKER, J. :

The suit was brought in equity, to subject certain lands in Lee County to the payment of a debt held by Williamson against the estate of John F. Mills.

A demurrer to the bill was sustained in the court below, and plaintiff appealed.

The sufficiency of the bill is the sole question presented.

The facts are, in substance, that John F. Mills and plaintiffs were citizens of the State of Tennessee ; Mills died in Tennessee ; left a will which was probated ; Caledonia Mills, his widow,

was the executrix and sole devisee of Mills; that there was personalty more than sufficient to pay the debts of the testator; that plaintiff held a note against the estate which was never presented for payment in Tennessee; that a debt due Mills' estate in Arkansas was prosecuted by the executrix to judgment, in her name as executrix, and the lands claimed to be subject to plaintiff's debt, were purchased by the executrix; that the deed to the land was made to the executrix, but paid for out of the debt so recovered; that she is dead, and that by will she devised this estate to defendants, Sale and Lanier. That there is no personal estate in Arkansas, and no administration on Mills' estate in Arkansas. That Sale and Lanier are non-residents, and defendant Furbush is sheriff an *ex officio* public administrator; that the claim was probated, and presented to Furbush as public administrator, who refused to pay.

The prayer of the bill is to establish the claim and subject the land to sale for its payment.

There appears to be no good reason why this debt was not collected out of the estate administered upon in Tennessee, the domicil of the testator, for there is said to have been sufficient estate there for that purpose. It seems, however, that the presentation of the claim was delayed upon an assurance that limitation would not be plead as a bar.

The debt in Arkansas seems to have been collected by the execution.

The property sold for $10,000, and the lands bought by the executrix, and paid for, by crediting the judgment with the amount bid for it, was equitably the property of the estate; so held in the case of *Osborn et al.* v. *Graham et al.*, 30 Ark., 66.

Conceding the lands to be liable for the plaintiff's debt, the question is, was a suit in chancery the proper action to enforce

the collection of the claim, or should there not have been an ancillary administration in Arkansas to subject the property of the testator situate in this State to the payment of this debt; certainly if the testator was indebted in this State, an administration here would have been proper and necessary.

. It is no objection to suing out administration here that our statute forbids that non-residents should assume the duties of administration ; any competent resident, prefering those who, from relationship or otherwise, have an interest in the estate, may be appointed administrator ; or, under the provisions of statute, secs. 216 and 217, Ch. 2, Gantt's Digest, the sheriff of the county in which the estate may be found, may, as public administrator, assume such trust.    The general power to act as public administrator may be assumed by the officer taking the property into possession, if necessary, to prevent waste, or upon order of the Probate Court directing him to do so; but such seems not to have been done in this instance.  Until the officer has taken upon himself the duties of administering upon a particular estate, or until directed by the court to assume such trust, he is not in fact the administrator of any particular estate, and is not required to allow or reject claims presented to him as such officer.

It was, therefore, in this instance, no such presentation for allowance or rejection as is contemplated by law, but if in fact otherwise, and Furbush was public administrator of Mills' estate, and if, as alleged, he did refuse to allow the claim of plaintiff, his proper remedy would have been to present it to the Probate Court for allowance, as provided in sec. 112, Ch. 1, Gantt's Digest ; so that, in fact, his statute remedy was complete.   Until plaintiff's claim is allowed and classed, he is not in position to proceed to set aside incumbrances upon the estate, if there be such, and to subject it to the payment of his debt.

It will be seen, too, that this is a foreign debt, one contracted at the testator's domicil, in which administration had been granted,

and it is questionable whether, if ancillary administration was had in Arkansas, a foreign claim could be presented here, and the assets of the estate exhausted to pay it, to the prejudice of the rights of creditors in Arkansas.

This question was first presented, and considered by this court, in the case of *Clark* v. *Holt*, 16 Ark., 257, in which it was held that the personal estate of the deceased is to be disposed of by the law of the domicil, and if he has effects in a foreign jurisdiction, and administration be granted upon his estate, it is merely ancillary to the administration of the domicil, so far as regards the collection of the effects and the proper disposition of them ; but, subservient to the rights of creditors and distributees residing in the country where the ancillary administration is granted.

In a later case, *Du Val* v. *Marshall*, 30 Ark., 231, in which ancillary administration was had in Arkansas, and in which it was not known that any debts existed in Arkansas except to pay costs of administration, the court said :   "The question is not to be determined by the extent of the local indebtedness of the intestate, but whether, in any case, the administrator at the domicil can dispose of, or withdraw, the assets in the hands of the ancillary administrator, until the administration is settled, and the debts paid, and we are clearly of opinion that he cannot."

The plaintiff says that the personal estate in Tennessee is amply sufficient to pay his debt, and if such is the case, there is no apparent reason why he should not enforce his claim there. But suppose such was not the case ; that there were many claimants whose debts greatly exceeded the assets in Tennessee, and that in Arkansas there was an estate largely more than necessary to pay the debts here, and upon settlement there was a balance on hand ; it would certainly not be equitable to allow one creditor to bring his claim to Arkansas and take full satisfaction of

his debt, leaving the debts of the other creditors unpaid, or, but partially paid.

We think the better rule is (and it is one sustained by authority), that where the administration is closed by the ancillary administrator, the residue of the funds should, by an order of court upon requisition, be turned over to the administrator at the place of the domicil, to be held as part of the common assets for final settlement and distribution. Whether under peculiar circumstances, the estate might not be otherwise disposed of, we need not now determine; but certainly there is no such case now before us as will uphold such exception.

If, indeed, plaintiffs have a valid claim, one which can be allowed and collected out of the estate in Arkansas, his remedy is complete under the provisions of our statute.

The demurrer to the bill was properly sustained.

Let the judgment be affirmed.