LEEPER, *Public Administrator*, v. TAYLOR, *Appellant.*

Division One, July 2, 1892.

1. **Equity Case**: INSTRUCTIONS: TRUST.   A suit to require a trustee of an express trust to account for the use of the trust property is one in equity, and it is not error for the court to refuse to give instructions on the trial.

2. **Public Administrator**: PROBATE- COURT: STATUTE.   An order of the probate court is not necessary to authorize a public administrator to take charge of the estate where authorized to do so by the statute.   (Revised Statutes, 1889, sec. 299.)

Leeper v. Taylor.

3. ———: ACTION BY: PRACTICE. Where he sues on behalf of the estate he is not required to aver or prove his right to administer.

4. ———: ———: ———. Where the facts do not authorize him to take charge of the estate, he will still be deemed the administrator until superseded by a duly appointed private administrator.

5. Witness: DECEASED PARTY TO CAUSE OF ACTION: STATUTE. The statute (Revised Statutes, 1889, sec. 8918) relating to a party to the cause of action or suit, testifying where the other party is dead, excludes the living party except as to acts done or contracts made since the probate of the will or the grant of letters of administration.

6. ———: ———: ———. The statute will not permit the surviving defendant to testify as to his recollection of a conversation had with the heirs of a decedent before the grant of letters of administration, although the heirs had already testified as to said conversation.

7. Declaration of Trust: CONSIDERATION. A declaration by a son that land conveyed to him by his father and mother is held in trust for them for life is valid, although founded only on a voluntary consideration, where such declaration is under seal, recites a valuable consideration, and is made under circumstances showing it was executed in consideration of a prior conveyance to him.

8. ———: ———. A perfect or complete trust is valid and enforceable, although based on a purely voluntary consideration.

9. ———: ———. In an action against a son for the rent of land held by him in trust for his father and mother during their life, he should be allowed compensation for boarding and caring for his mother.

*Appeal from Lewis Circuit Court.*—HON. B. E. TURNER, Judge.

. REVERSED AND REMANDED.

*J. C. Anderson* and *H. J. Drummond* for appellant.

(1) The court committed an error in permitting any evidence to be introduced by plaintiff, and in over-ruling appellant's motion in arrest of judgment, for the reason that the petition does not state facts sufficient to constitute a cause of action against defendant, because the petition does not show or aver any authority in respondent to take charge of the estate of Clarissa

Taylor, deceased, nor to bring this suit; but on the contrary the petition discloses on its face such a state of case as shows that plaintiff was not lawfully in possession of her estate, and, therefore, not entitled to maintain this action. Revised Statutes, 1889, sec. 299, p. 175; *Headlee v. Cloud*, 51 Mo. 601; *State to use v. Malson*, 38 Mo. 489; *State to use v. Green*, 65 Mo. 528; *McCabe v. Lewis*, 76 Mo. 296, 307; *Reynolds v. McMullen*, 22 N. W. Rep. 41. (2) The court erred in refusing to permit the appellant, William I. Taylor, to testify as a witness in his own behalf. In this case he was competent and not disqualified by Revised Statutes, 1889, sec. 8918, because: *First.* There was no contract between him, Jeremiah and Clarissa Taylor in issue, and no cause of action in issue and on trial concerning the facts of which either the said Jeremiah or Clarissa had any knowledge. The object and spirit of the statute disqualifying one of the parties when the other is dead is to place parties on equality, so that one should not be permitted to testify to transactions cognizant by both, when the other is dead and can no longer be heard. *Coughlan v. Huesler*, 50 Mo. 126–128; *Poe v. Domic*, 54 Mo. 119–124; *Orr v. Rode*, 101 Mo. 387, 398; *Wade v. Hardy*, 75 Mo. 394–400; *Amonett v. Montague*, 63 Mo. 201; *Fulkerson v. Thornton*, 68 Mo. 468, 469; *Loker v. Davis*, 47 Mo. 140; *Martin v. Jones*, 59 Mo. 181–187; *Berlin v. Berlin*, 52 Mo. 151. *Second.* Appellant was a competent witness in this class of cases at common law, " *ex necessitate rei*," and is, therefore, competent under the statute. 1 Greenleaf on Evidence, sec. 348, p. 461, note 1; *Angel v. Hester*, 64 Mo. 142, 144, 145; *Fish v. Hay*, 42 Mo. App. 295. *Third.* Appellant was certainly competent to testify as to all his declarations and admissions testified to by the witnesses, L. D. Patterson and his wife, and the witnesses, Jerry (or Bud) Taylor and Dr. Bonny, as made at

appellant's house on March 22, 1888. *Wade v. Hardy*, 75 Mo. 394–400; *Poe v. Domic*, 54 Mo. 123; *Martin v. Jones*, 59 Mo. 181. (3) Whether this proceeding be regarded as an action at law, or a proceeding in equity, the court committed error in striking out that portion of appellant's answer setting up a claim for compensation for board, clothing and medical attention furnished by him to said Clarissa for the period from August, 1880, until her death, December 27, 1887, and in refusing to permit defendant to offer evidence thereon. Even if the paper sued on and filed with plaintiff's petition constituted appellant a trustee of Clarissa, under the weight of authority he would be entitled to compensation. 2 Story on Equity Jurisprudence [5 Ed.] sec. 1268, note 3; 1 Story on Equity Jurisprudence [5 Ed.] sec. 322, note 5; Bispham on Principles Equity [4 Ed.] sec. 144, pp. 187, 188; Perry on Trusts, sec. 916. And even where a trustee has abused his trust he will be allowed reasonable compensation for special and extraordinary services rendered for the *cestui que trust. Moore v. Yabraski*, 3 C. E. Green, 51. (4) The paper filed with plaintiff's petition, styled declaration of trust, was not a contract between appellant and Jeremiah and Clarissa Taylor, nor did it constitute him a trustee for them or either of them. Appellant took the fee simple to the title to the lands in said paper mentioned, together with other lands, by the general warranty deed of the said Jeremiah and Clarissa executed by them on, and duly delivered to appellant by them on, the thirtieth day of May, 1877, for a consideration of $26,000. This declaration was signed by defendant on the twentieth of August, 1878, nearly fifteen months after the execution of the aforesaid deed. While it is admitted that a declaration of a trust may be contained in a different instrument from that by which the estate is vested in the trustee, yet the instruments must be contemporaneous, or at all events,

in contemplation at the same time, and, if an absolute conveyance is made, no subsequent declaration can deprive the grantee of his beneficial interest therein. Bispham on Principles of Equity [4 Ed.] sec. 65, p. 99, and cases cited note 7, p. 99. The paper did not create a trust in appellant in favor of Jeremiah and Clarissa Taylor or either of them, because not delivered to them or either of them, nor to anyone for them. If any estate was created in them it was by virtue of this paper, and not otherwise. If created by this paper, it was because it was in the nature of a conveyance; delivery, therefore, to them or some one for them, was absolutely essential to create a trust estate in appellant, and vest the use in said Jeremiah and Clarissa. *Turner v. Carpenter*, 83 Mo. 333; *Hammerslough v. Cheatham*, 84 Mo. 13; *Fountain v. Bank*, 57 Mo. 522; *Fisher v. Hall*, 41 N. Y. 416. (5) It is obviously essential to the creation of a trust that there should be the intention to create a trust, and, therefore, if upon consideration of all the circumstances, the court is of opinion that the settler did not mean to create a trust, the court will not impute a trust where none was in fact contemplated. Lewin on Trusts [Blackstone Series] sec. 82, pp. 169, 170; *Lane v. Ewing*, 31 Mo. 75, 85, 86. (6) The paper in question and the provisions made thereby was not accepted by those for whom it was made, and, therefore, it never took effect. There was no assent to it by either of them. An acceptance or assent to it was necessary to the vesting in them of a beneficial interest. Tiedeman on Real Property, sec. 506, p. 403; *Moore v. Flynn*, 25 N. E. Rep. (Ill.) 844; 5 American & English Encyclopedia of Law, 449; *Standiford v. Standiford*, 97 Mo. 231; *Ellis v. Railroad*, 40 Mo. App. 165; *Ebersole v. Rankin*, 15 S. W. Rep. (Mo.) 422; *Dikeman v. Arnold*, 78 Mich. 455; *Railroad v. Ruddle*, 53 Ark. 32; *Majors v. Todd*, 47 N. W. Rep. (Mich.) 841; *Porter v.*

*Woodhouse*, 59 Conn. 568; *Sartoris v. Dolman*, 49 N. W. Rep. (Minn.) 258.

*Blair & Marchand* for respondent.

(1) The petition is good; appellant waived the ground assigned in his demurrer in regard to a want of capacity in plaintiff to sue, notwithstanding the court ruled against him. By answering and going to trial he waived his exceptions. Revised Statutes, 1889, sec. 2047, p. 541, and note *h*. (2) The petition states the election and qualification of plaintiff as public administrator; the death of said Clarissa Taylor; that she left an estate of upwards of $10,000; that plaintiff took charge of it because requested by all of her heirs-at-law except defendant, and filed written notice thereof with the probate judge; that he has been in possession thereof ever since. Had he been the regular administrator of said estate the facts could not have been more minutely and fully stated. The petition does state facts sufficient to constitute a cause of action. (3) That defendant was not a competent witness is clear. *First.* Because Mr. and Mrs. Taylor, the persons forming one party to the contract sued on, were dead. *Second.* Because Mr. Taylor, the person with whom the contract was made for himself and wife, was dead. *Third.* Because, although the suit is in the name of public administrator having in charge the estate of Mrs. Taylor, the law is the same, and defendant stood disqualified except to acts, contracts, etc., occurring between plaintiff and defendant, since plaintiff took charge of Mrs. Taylor's estate. 2 Revised Statutes, 1889, sec. 8918, p. 2057; *Wood v. Matthews*, 73 Mo. 477; *Chapman v. Dougherty*, 87 Mo. 617; *Meier v. Thieman*, 90 Mo. 433; *Wade v. Hardy*, 75 Mo. 394; *Sitton v. Shipp*, 65 Mo. 297; *Blobaum v. Gambs*, 56 Mo.

183; *Weiland v. Weyland*, 64 Mo. 168; *Hisaw v. Sigler*, 68 Mo. 449; *Kaho v. King*, 19 Mo. App. 44; *Lewis v. Oliver*, 22 Mo. App. 203. (4) Where a trust has been created and declared in a mode not contravening the statute of frauds, it will be enforced, notwithstanding the consideration is voluntary. If the trust be executed and complete, it will be enforced, even against a volunteer; and, if incomplete and a consideration pass, it will be enforced. If the relation of trustee and *cestui que trust* exist, the trust will be complete. The trust or declaration of trust need not be created by writing, but when it relates to real estate it must be proven by writing, but the writing need not be in any particular form, nor need it give specific directions in regard to the execution of the trust, or disposition of the trust property. 2 Revised Statutes, 1889, sec. 5184, p. 1257; *Kelley v. Johnson*, 28 Mo. 249; *Lane v. Ewing*, 31 Mo. 75; *Kelly v. Johnson*, 34 Mo. 400; *Norman v. Burnett*, 25 Miss. 183; *Duke of Cumberland v. Graves*, 9 Barb. (N. Y.) 595; *Throop v. Hatch*, 3 Abb. Pr. (N. Y.) 23; *Pratt v. Aver*, 3 Chand. (Wis.) 265; *Starr v. Starr*, 1 Ohio, 321; *Garnsey v. Munday*, 24 N. J. Eq. 243; *Adams v. Adams*, 21 Wall. 185.

BLACK, J.—John H. Leeper, public administrator of Lewis county, having in charge the estate of Clarissa Taylor, brought this suit against William I. Taylor to recover the rental value of two hundred and sixty acres of land for some seven years.

The trial court gave judgment for the plaintiff for $5,392.46, from which defendant appealed.

Jeremiah Taylor and his wife Clarissa, by their deed dated the thirtieth of May, 1877, conveyed the two hundred and sixty acres in question and other lands and personal property to their son, the defendant in this suit. Jeremiah Taylor owed at that date some

$26,000. Indeed, there is evidence tending to show that he was insolvent. The defendant, William I. Taylor, agreed to pay the debts owing by his father in consideration of the before-mentioned conveyance and transfer of real and personal property, and pursuant thereto gave his note to the creditors of his father, due in one, two, three, four and five years, and secured the same by a deed of trust on the same and on other lands. The deed of trust had been satisfied prior to the commencement of this suit. The deed of trust bears even date with the deed, namely, the thirtieth day of May, 1877.

Subsequently, and on the twentieth of August, 1878, the defendant executed a writing under seal, and therein declared that for a valuable consideration by him received he held the two hundred and sixty acres, describing the same, in trust for his father and mother for and during their natural lives, "the said Jeremiah and Clarissa Taylor to have, hold, use, occupy and enjoy said lands for and during their said lives, or the life of the survivor, and upon the death of both my said father and mother the said estate to revert to me or my heirs."

Jeremiah Taylor and his wife resided upon the two hundred and sixty acres at the date of the several instruments before mentioned, and they continued to reside thereon until his death, which occurred on the fifth of May, 1880. The evidence shows that defendant moved upon the land in August of that year. He then took, and has ever since had, full possession and control of the property. His mother resided with him on the land from August, 1880, to her death in December, 1887, and this suit was brought to charge the defendant with the rental value of the land for that period of time.

The pleadings on both sides set forth much useless and immaterial matter which need not be noticed.

It seems to be conceded that the declaration of trust was never acknowledged or recorded; that when executed it was left with H. S. Lipscomb who prepared it, and who was the legal adviser of defendant and of Jeremiah Taylor; that Lipscomb delivered it to John L. Taylor, one of the heirs of Jeremiah Taylor, in 1883, after the death of Jeremiah; and that Clarissa was never informed of its existence. Though the defendant states in one part of his answer that his father knew nothing about the declaration of trust, yet he in a subsequent part states in substance that his purpose in executing the same was that his father and mother might feel and be assured in their old age and helpless and destitute condition that they had a home secured to them; that he did not intend to vest in them a life-estate with a right to the rent and profits for life; that he signed the same at the request of Lipscomb who said the paper was a mere form and bound defendant to nothing, and was only intended to make his father and mother contented in their old age; that he was induced to sign the declaration on these statements of Lipscomb without receiving any consideration therefor whatever.

For a further answer he states that he boarded and clothed his mother from May 5, 1880, until her death on the twenty-seventh of December, 1887, which was reasonably worth $300 per year; that he paid taxes on the land and made various repairs, all of which are set out in detail. He prays, *first*, that the writing sued upon by the plaintiff be canceled and held for naught; *second*, if the court should hold him liable thereon, that then an account be taken of rents, repairs, taxes and board, etc.

1. The defendant asked some eleven instructions which the court refused, assigning as a reason therefor that this was a suit in equity. There was no error in this ruling, if the suit is properly one in equity. The defendant by one defense set up in his answer seeks to have the declaration of trust canceled. This defense addresses itself to a court of equity, and to a court of equity alone.

Aside from this defense the pleadings present this case: The petition sets out the declaration of trust and alleges that it was duly delivered to Jeremiah Taylor; that it was kept secret from Mrs. Clarissa Taylor by the fraud of defendant; that defendant entered into possession of the land in 1880 and occupied the same from that time on to the death of Clarissa, and that he became liable for the rental value of the land. The answer sets up the payment of taxes, making repairs and board of Mrs. Taylor, and prays for an accounting in the event the court should refuse to cancel the declaration of trust.

The proceeding is, in substance and effect, one to require a trustee of an express trust to account for the use of the trust property. A suit in equity can be maintained in those cases where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account. Pomeroy on Equity Jurisprudence [2 Ed.] sec. 1421; *Marvin v. Brooks*, 94 N. Y. 71; *Clarke v. Pierce*, 52 Mich. 157. The case is, therefore, one of which a court of equity has jurisdiction, and the trial court committed no error in treating it as a suit in equity. It follows that the refused instructions need not be considered here.

2. The next contention is that the petition states no cause of action, because it does not show any authority in the plaintiff to take charge of the estate of

Clarissa Taylor. It does not appear, either by the petition or proofs, that the probate court ordered the plaintiff to take possession of the estate of Mrs. Taylor; but it is alleged in the petition, and was admitted on the trial, that plaintiff was the duly elected and qualified administrator of Lewis county, and that he took charge of the estate of Clarissa Taylor and filed notice thereof in the probate court.

Section 299, Revised Statutes, 1889, makes it the duty of the public administrator to take charge of the estate of deceased persons in the cases specified in the first seven subdivisions thereof. In those cases the public administrator, in taking charge of estates, acts independent of any order of the probate court. When he takes charge of an estate he occupies the position of a private administrator, and in suits brought by him he is not required to show facts which authorized him to take upon himself the burden of administration. *Wetzell v. Waters*, 18 Mo. 396. It has been held that the failure to give the notice required by section 302 will not render the whole administration void. *Adams v. Larrimore*, 51 Mo. 130. Here the public administrator took charge of the estate and filed a notice of the fact in the office of the clerk of the probate court, and that is sufficient. He is not required to set out or prove facts which gave him a right to administer. Even if the facts did not exist to justify him in taking charge of the estate, he would be the administrator until superseded by a duly appointed private administrator.

3. It is next insisted that the trial court erred in refusing to allow the defendant to testify in his own behalf. Section 8918, Revised Statutes, 1889, provides, among other things: "And where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living

and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator." Here the parties to the declaration of trust on the one side and Mr. Lipscomb who prepared it and held it in his custody for a long time were all dead. The defendant is the only living person who was a party to it. It is very clear that he could not testify in his own behalf as to the general issues presented by the pleadings.

But, it seems, he and his sister, Mrs. Patterson, and some of his brothers had a meeting on the twenty-second of March, 1888, for the purpose of settling their mother's estate. She left property to the amount of some $2,000 or $3,000, besides what interest she had in this trust. This meeting was held a month or thereabouts before the plaintiff took charge of the estate. At that meeting Mr. Patterson and some of the other persons present insisted that defendant should account for the rental value of the land; and they testified on the trial of this case as to what defendant then said concerning the declaration of trust. The claim now is that defendant should have been allowed to give his version of what he said on that occasion. The case of *Wade v. Hardy*, 75 Mo. 394, holds that a defendant, when sued by an administrator, may testify as to conversations attributed to him by the administrator or by third persons, after the grant of letters of administration. That case is not in point. The statute excludes the living party, except as to acts done, or contracts made since the probate of the will or grant of the letters of administration. Here the conversations were had before letters were granted. The statute is plain enough, and should be followed.

Besides all this, the record simply shows that the defendant offered himself as a witness in his own behalf. He could not testify generally in the case,

and if he desired to testify as to some particular matter he should have so stated. Unless this is so judgments must be reversed for reasons never made known to the trial court. We cannot approve such a practice.

4. The defendant's answer admits the execution of the declaration of trust, and it proceeds upon the theory that the instrument was duly delivered to Mr. Lipscomb for the defendant's father and mother. It is useless to discuss the question of the execution and delivery of the instrument, for both are admitted by the answer.

The point is made, however, that it is void for want of consideration. It may be conceded that a court of equity will not enforce an executory agreement based upon a voluntary consideration. But a settler possessed of a legal title may create a valid trust therein by a declaration that he holds the title in trust for the other person. A transfer of the title is not necessary. Bispham on Equity [4 Ed.] sec. 67. Here the trust was duly declared by an instrument in writing and under seal. It is a perfect, complete trust; and such a trust will be enforced, notwithstanding the consideration is voluntary. *Lane v. Ewing*, 31 Mo. 75. If a trust has been completely declared, the absence of a valuable consideration is immaterial. A perfect or complete trust is valid and enforceable, although purely voluntary. Pomeroy on Equity Jurisprudence [2 Ed.] secs. 996, 997. As this trust is perfect and complete, it must be enforced, though voluntary. But it recites a valuable consideration, and the circumstances show clearly enough that it was executed in consideration of the absolute deed of the premises previously made by the beneficiaries. But, be this as it may, the trust is perfect, and must be enforced, though based upon a voluntary consideration only.

5. There is no proof whatever to support the averments of the answer, to the effect that defendant was induced to execute the declaration of trust by fraud or undue influence practiced by Lipscomb. These averments are clearly but an afterthought.

6. With the foregoing conclusions it must be conceded that defendant should account. The court charged him with rental value of the land, and on the other hand allowed him for taxes paid, and reasonable repairs made.

The remaining question is whether the court erred in striking out that part of the answer where it is stated that the defendant boarded, clothed and cared for said Clarissa from the fifth of May, 1880, to her death, on the twenty-seventh of December, 1887, worth $300 per year; and that he furnished her with medical attendance, worth $100.

The answer does not, it is true, set up any agreement whereby she agreed to pay for her board. But the defendant did not, by the declaration of trust, undertake to support his father and mother. The trust gives them the land for and during their lives, and the object evidently was to furnish them the means of supporting themselves. After the death of the father, the defendant moved upon the premises, and cared for and supported his mother, and thus relieved her of the burden of carrying on the farm. If he is to be charged with the rental value of the land it is but simple justice that he should be allowed a reasonable compensation for boarding and caring for her in her old age. Trustees may expend moneys for the support of infants and persons incompetent to take care of themselves, and will be allowed for such disbursement. 2 Perry on Trusts [4 Ed.] sec. 915. We think the court erred in striking out the part of the answer before noted.

This is the only error disclosed by the record, and we can see no occasion for an entire new trial.

The judgment is, therefore, reversed, and the cause remanded with directions to the circuit court to hear the evidence on the matters stricken out of the answer, and allow the defendant a reasonable and fair compensation for boarding the deceased. Reasonable amounts, if any, paid by the defendant for clothing and for medical attention to deceased will also be allowed. The aggregate will be deducted from the present judgment, and a new judgment entered for the balance. BARCLAY, J., absent, the other judges concur.