JOHN W. TAYLOR, Appellant, v. JAMES WELCH, VIRGINIA A. WELCH, and L. W. SCOTT, Trustee, Respondents.

Kansas City Court of Appeals, February 3, 1913.

1. **EQUITY: Trust Fund: Creditors of Beneficiaries: Husband and Wife.** Plaintiff sued in equity, to obtain a decree declaring a trust in his favor, and to compel the trustee to pay to him the sum due him out of the trust fund. Defendant James Welch sold a farm and his wife joined in the deed. The proceeds of the sale were placed in the hands of the defendant Scott as trustee, the terms of the trust being fully expressed in writing.

Taylor v. Welch.

The trustee, after paying all debts, was to turn over a certain amount of money for their maintenance. Welch, several years prior to the commencement of this action, notified the merchants that he would not be responsible for her debts. Plaintiff continued to sell goods to Mrs. Welch, and one month after this trust agreement was entered into, brought suit against both the husband and wife and obtained judgment against the wife only. Plaintiff now seeks to recover the amount of the judgment from the trust fund. *Held*, that the trust deed created a trust in favor of plaintiff, a creditor of Mrs. Welch, which he is entitled to have enforced in an equitable action.

2. ———: **Trusts, Executed or Executory: Written and Parol.** To create either an executed or an executory trust as to personal property, it is not essential that the trust be manifested and proved by some writing signed by the party who is or shall be by law enabled to declare such trust as is the case with an express trust relating to land. A trust as to personalty may be proved by parol.

3. ———: **Trust Agreements: Retention and Control: Beneficiaries.** When parties by a trust agreement make themselves and their creditors the beneficiaries, and as such, they retain an equitable estate in the fund, such a retention is not inconsistent with the creation of a trust.

4. **TRUSTS: Terms: Requisites.** Three things must occur to raise a trust: sufficient words to create it, a definite subject and a definite object; and to these requisites may be added another, viz., that the terms of the trust should be sufficiently declared.

5. ———: **Executory and Executed.** Where the limitations of the trust are fully and perfectly declared, it is regarded as an executed trust; where the limitations are imperfectly declared, and the intent of the creator is expressed in general terms, leaving the manner in which his interest is to be carried into effect substantially in the discretion of the trustees, it is an executory trust.

6. ———: ———: **Consideration.** A promise to create a trust cannot be enforced, if it be unsupported by a valuable consideration, for it is only executory. But if it is executed, the absence of a consideration is immaterial and it may be enforced though voluntary.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED (*with directions*).

*T. H. Harvey* for appellant.

*L. W. Scott* for respondents.

JOHNSON, J.—This is an action in equity begun in the circuit court of Saline county, December 9, 1910, to obtain a decree declaring a trust in favor of plaintiff and ordering the defendant Scott, as trustee, to pay plaintiff the sum due him as such beneficiary.

The answer, which is voluminous, denies the existence of a trust in favor of plaintiff and interposes the additional defense of *res adjudicata*. Defendants prevailed in the circuit court and the cause is before us on the appeal of plaintiff.

The defendants, James Welch and Virginia A. Welch, husband and wife, live in Saline county where the husband owned a valuable farm. He became an invalid, unable to attend to business and placed his affairs in the hands of an agent to whom it appears he gave very wide and comprehensive authority. The agent first appointed resigned in 1906 and defendant Scott was appointed in his stead. The authority with which Welch invested Scott included the power to lease the farm, to collect rent, pay taxes and interest on certain notes the Welches had executed and to divide the remainder of the income equally between Welch and his wife. This arrangement continued until March 14, 1910, when defendant Welch sold the farm for $19,923.75. A warranty deed was executed and delivered to the purchaser and Scott received the payment of the purchase money. Mrs. Welch joined in the execution of the deed for the purpose of conveying her inchoate right of dower. On March 14, 1910, and immediately after the consummation of the sale and the payment of the purchase money to Scott, the defendants executed the following instrument in writing:

"This instrument of writing, made and entered into by and between James Welch and Virginia Welch, his wife, of the county of Saline, State of Missouri, parties of the first part, and L. W. Scott, of said county and State, party of the second part,

Witnesseth, That whereas the said parties of the first part have sold their farm in Saline county, and now have on hand a large sum of money, the proceeds of said sale, and whereas there are several debts which the parties of the first part now owe, and whereas it is the wish and desire of the parties of the first part to pay off and discharge all debts now due and outstanding, and to make provision for the support and maintenance of their family for the ensuing year, and whereas it is the wish and desire of the parties of the first part to make a lifetime provision for the support and maintenance of themselves and their family for and during the period of their natural life and the lifetime of the survivor of them and whereas, the said James Welch, by reason of a stroke of paralysis by which he was afflicted some years ago, has become so feeble and infirm of body as to render him unable to attend to business and, having now reached such an advanced age in life that he can never hope to resume business again even though he should recover entirely from his partial paralysis from which he has so long suffered, and whereas the parties of the first part desire to place this money in the hands of a safe and discreet business man to take care of, to manage, loan out, and collect all interest which shall accrue therefrom, out of the principal remaining after certain expenditures hereinafter set forth are made, and believing that the said L. W. Scott, party of the second part is such a person, qualified to discharge the trust herein and hereby created, therefore, he said James Welch and Virginia Welch, his wife, parties of the first part, do by these presents, assign, transfer and set over unto the said L. W. Scott, party of the second part,

all the money derived from the sale of the farm afore-
said, heretofore mentioned, to have and to hold to him
and his successors in trust, however for the following
purposes:

"Said party of the second part shall out of said
money turned over to him as aforesaid, pay all debts
now due and owing by said parties of the first part or
either of them, in whatsoever form said debts are now
in. Further, said trustee shall deposit the sum of two
hundred dollars ($200) in the Wood & Huston Bank
to the credit of the said James Welch, one of the par-
ties of the first part, for his own individual use and
benefit. And the sum of $100 shall be turned over to
Virginia Welch, one of the parties of the first part,
by said trustee. Further, said trustee shall set aside
out of said sum of money, a fund to the amount of
three hundred dollars ($300), to be applied from time
to time by the party of the second part to the support
and maintenance of the parties of the first part dur-
ing the ensuing year. Further, said trustee, party of
the second part, after paying off all debts now due and
outstanding, and after making said deposit in said
bank as aforesaid, and after setting aside said fund
as aforesaid, shall adopt and use the balance or sur-
plus remaining as the stable or perpetual principal
that is to be kept intact and preserved until the time
of its final distribution, as hereinafter provided, ar-
rives.

"The said trustee, party of the second part, shall
have full power and authority to loan out said princi-
pal or any part thereof to any person or persons, on
good real estate security, or with said principal or
any part thereof purchase notes from others that are
so secured, said loans and notes so purchased shall
bear the best rate of interest obtainable by said trus-
tee, regard being had to the security offered. And
the said trustee shall collect the interests on said loans
or notes annually or at such time as said interest is

collectible, out of which said interests he shall first pay the taxes on said principal, and second, he, the said trustee, shall reserve for himself a reasonable fee for his services, and third, he shall pay the premium on the bond of the trustee, if such bond is required, as hereinafter provided, and the balance or remainder of said interests shall be applied, first to the payment and discharge of all debts made or created by the parties of the first part or either of them, if the balance remaining of such interests is sufficient for such purpose, and if not sufficient for such purpose, then said trustee is hereby vested with full and discretionary power to pay off and discharge such of said debts as he himself shall determine were created for the support and maintenance of the parties of the first part or their family. And if after the payment and discharge of the debts as above provided, there shall remain a balance in the hands of said trustee, such balance, if any, remaining shall be turned over to the parties of the first part equally. The income from said principal as above provided shall be expended as above directed for and during the joint lives of the said parties of the first part, for and during the lifetime of the survivor of them, and upon the death of said survivor, the said trustee shall collect and gather in all outstanding loans, and divide said principal among the children and descendants of the said parties of the first part, according to the laws of the descents and distribution of the State of Missouri, the said trustee reserving for himself, however, a reasonable amount to compensate himself for collecting in said loans and distributing the money as above provided. It is hereby further provided that the parties of the first part may at any time hereafter as they see fit, require the party of the second part or his successor to give a good and sufficient bond, conditioned for the faithful discharge of the trust herein created, which said bond as herein provided for shall be passed

upon and accepted by the judge of the circuit court within and for Saline county, Missouri. If so required by parties of the first part, the trustee shall pay for the premium on same out of the interests derived from the principal as above provided.

"It is further provided and agreed upon by the parties hereto, that the parties of the first part, or the survivor of them, shall have the right to require the trustee to make an accounting of this trust to the circuit court aforesaid. It is further provided that the party of the second part shall have the right at any time to resign from the trust herein created by presenting his resignation to the said circuit court and making final settlement of this trust. It is further provided that in event of the death, resignation, or inability of the trustee, party of the second part, to discharge this trust, the judge of the said circuit court for the time being shall have the power to appoint a successor, and the right to appoint a trustee at any time a vacancy occurs in the said office of trustee.

"And the said party of the second part hereby accepts said trust and agrees and binds himself to carry out and execute this trust to the best of his judgment and ability," etc.

Pursuant to the provisions of this instrument Scott retained possession of the proceeds of the sale of the farm and has administered the trust fund into which they were converted by the instrument just quoted. The main question at issue is whether plaintiff is one of the persons for whose benefit this trust was established.

It appears that Welch, prompted by the conviction that his wife's extravagance would ruin them, notified the merchants with whom they had been dealing not to allow her to purchase goods on his credit. Disregarding this notice, plaintiff sold goods to Mrs. Welch in the years 1903, 1904 and 1905, and charged them to her and her husband. The account was not

paid and in April, 1910, a month after the execution of the trust deed, plaintiff brought suit on the account against both husband and wife in the circuit court of Saline county. Welch filed a separate answer in which he alleged that plaintiff had been notified not to sell goods to Mrs. Welch on credit and had sold the goods in controversy in defiance of that notice. The proof sustained this allegation and the jury in obedience to a peremptory instruction found in favor of the defendant husband in their verdict. The issues relating to the liability of Mrs. Welch were submitted in appropriate instructions and the jury returned a verdict for plaintiff against her in the sum of $503.42 and costs. Judgment was rendered accordingly. The final object of the present suit is to recover the amount of this judgment from the trust fund in the hands of the defendant trustee on the ground that the judgment belongs to one of the classes of debts the trust deed provided should be paid by the trustee out of the proceeds of the sale of the farm.

It is argued by counsel for plaintiff that the instrument in question is a trust deed in legal effect as well as in the name given it by the parties, that it created an executed trust and that since it expressly provided for the payment of the existing debts of Mrs. Welch, plaintiff, whose demand against her had accrued before the execution of the instrument, was one of the beneficiaries for whose benefit the trust was called into being and, as such, is entitled to the payment of his demand out of the trust fund.

The position of counsel for defendants thus is summarized in his brief: ''The fact in reference to said instrument of writing is that while it has some of the elements of a trust and is called a trustee's deed, yet it is not such a deed. No consideration is mentioned in it and none was paid, and 'consideration is the very life and essence of a contract; and a contract or promise for which there is no consideration

cannot be enforced.' It was not acknowledged and it cannot be recorded. It is a mere private contract of agency, something like a power of attorney in which the agent or employee is directed what his employers want him to do at some time in the future. It is executory and may be recalled or revoked at any time.''

Though the subject-matter of the instrument was a fund derived from the sale of real property owned by defendant James Welch, the expressed purposes of the conveyance very clearly bespeak an intention on the part of the grantor, the said Welch, that the fund should be regarded and treated by the trustee as personal and not as real property. We shall give heed to this manifest intention and shall regard the conveyance as having affected an immediate conversion of the proceeds of the land into personalty. To create either an executed or an executory trust as to personal property, it is not essential that the trust be manifested and proved by some writing signed by the party who is or shall be by law enabled to declare such trust as is the case with an express trust relating to land. [Watson v. Payne, 143 Mo. App. l. c. 726, and cases cited.] A trust as to personalty may be proved by parol. [Mulock v. Mulock, 156 Mo. 431.]

Consequently there is no merit in the point that the instrument in question cannot be treated as proof of a trust on account of the absence of an acknowledgment. As we have just observed, a trust in personalty may be proved by parol and certainly may be proved by an unacknowledged written instrument signed by the party enabled by law to declare such a trust. The instrument clearly evinces the purpose to create a trust. In clear and apt terms the grantors divested themselves of the legal title to the property and vested it irrevocably in the trustee and his successors in the trust. They made themselves and their creditors the beneficiaries and, as such, they retained an equitable estate in the fund, but it is well

settled that the retention by the grantor of such equitable estate is not inconsistent with the creation of a trust. [In re Estate of Soulard, 141 Mo. 642.]

It is said in the case just cited: "Three things . . . must concur to raise a trust: Sufficient words to create it, a definite subject and a definite object; and to these requisites may be added another, viz., that the terms of the trust should be sufficiently declared." And further it is said in the same case: "In order to render a sufficiently expressed voluntary trust valid, it is only necessary that the trustor should have done everything which could have been done, the character of the property comprising the trust being considered, to transfer the property to the trustee in such mode as will be effectual to pass the title." Tested by these rules, the instrument clearly created a trust and we pass to the question of whether it was an executory or executed trust.

"The distinction between executed and executory trusts rests upon the manner in which the trust is declared. Where the limitations of the trust are fully and perfectly declared, it is regarded as an executed trust; where the limitations are imperfectly declared, and the intent of the creator is expressed in general terms, leaving the manner in which his intent is to be carried into effect substantially in the discretion of trustees, the trust is an executory trust." [28 Am. & Eng. Ency. of Law (2 Ed.), 865.]

And in Perry on Trusts (Vol. 1, 6 Ed., sec. 359) it is said: "Thus a trust . . . so clear and certain in all its terms and limitations that a trustee has nothing to do but carry out all the provisions of the instrument according to its letter, is called an executed trust. . . . They (trusts) are called executory not because the trust is to be performed in the future, but because the trust instrument itself is to be moulded into form and perfected according to the outlines or instructions made or left by the settler or testator."

In the recent case of Watson v. Payne, 143 Mo. App. l. c. 728, we held that an executed trust is one that is completely created or declared; an executory trust one that is incomplete—a promise to create a trust. [Citing 3 Pomeroy Eq. Juris. (3 Ed.), sec. 996.]

The trust before us is complete and certain in all its terms and limitations, the trustee had nothing to do but to carry out its terms, and under the rules stated in the authorities to which we have referred, the trust clearly is executed and not executory. Being an executed trust it is immaterial whether or not it is supported by a valuable consideration. The rule thus is stated by the Supreme Court:

"A voluntary trust must be created by the donor himself, and not by the court. In Stone v. Hackett, 12 Gray, 227, BIGELOW, J., says: 'A voluntary gift or conveyance of property in trust, when fully completed and executed, will be regarded as valid, and its provisions enforced against all persons except creditors or bona fide purchasers without notice. It is certainly true that a court of equity will lend no assistance toward perfecting a voluntary contract or agreement for the creation of the trust, nor regard it as binding so long as it remains executory. But it is equally true that if such an agreement or contract be executed by a conveyance in trust, so that nothing remains to be done by the grantor or donor to complete the transfer of the title, the relation of trust and *cestui que trust* is deemed to be established, and the equitable rights and interests arising out of the conveyance, though made without consideration, will be enforced in chancery.' These principles seem to be well established. [Thornton on Gifts, sec. 412, and cases cited; 8 Am. & Eng. Ency. of Law, 1233, and cases cited; see, also, note to Williamson v. Yager, 91 Ky. 282.]" [In re Estate of Soulard, supra, l. c. 660.]

And in Watson v. Payne, supra, we held that under the rule that as a promise without a valuable consideration is not binding, an executory trust, i. e., a promise to create a trust, cannot be enforced, if it be unsupported by a valuable consideration. But if the trust be executed, i. e., completely declared, the absence of a consideration is immaterial and it may be enforced though voluntary. [Atkinson v. Petitioner, 16 R. I. 413; Banking Co. v. Miller, 190 Mo. 640; Leeper v. Taylor, 111 Mo. 312; Lane v. Ewing, 31 Mo. 75.]

The rule invoked by defendants that a promise to pay the debt of another, although in writing, must be founded upon a sufficient consideration, relates to executory contracts and not to executed trusts which, as shown, may be valid though voluntary. Therefore it is immaterial whether there was any consideration moving from plaintiff to James Welch the owner of the land for the execution of a trust in favor of plaintiff. Concede it was voluntary and still the conclusion must follow that Welch could create a voluntary executed trust in favor of his wife's creditor, as well as in favor of any other person to whom he was under no legal or moral obligation.

We shall pass over without discussion the question of whether the conveyance of her inchoate right of dower was a sufficient consideration for the creation of a trust in favor of her creditors. That question would be of vital importance were we dealing with an executory trust but is unimportant here.

The provision in the trust deed requiring the trustee "to pay all debts now due and owing by said parties of the first part or either of them, in whatsoever form said debts are now in," created a trust in favor of plaintiff, a creditor of Mrs. Welch, which he is entitled to have enforced in an equitable action.

We are not impressed by the argument that the judgment recovered by James Welch in the suit at law prosecuted by plaintiff to recover judgments on

the account, is a bar to the maintenance of this action. It suffices to say there is a lack of identity of subject-matter. In the suit at law plaintiff endeavored to obtain a personal judgment against the husband on an alleged debt and the judgment rendered exonerated him from such liability. The present action is one in equity not to enforce a personal demand against him but to charge a trust fund with the payment of a matured interest of a *cestui que trust* in that fund. The subject of the present suit could not have been litigated in the law case and, that being true, the judgment in question cannot be considered as an adjudication of the present issues. It follows that the judgment must be reversed and the cause remanded with directions to enter a decree for plaintiff in accordance with the views expressed.

All concur.