WALKER *v.* STREETER.

4-4040

Opinion delivered November 11, 1935.

*Tom F. Digby,* for appellants.

*Paul E. Talley* and *Wayne. W. Owen,* for appellee.

JOHNSON, C. J. Appellee, Janius Streeter, a man of color, instituted this action in the Pulaski Chancery Court against appellants, Eagle Walker and M. I. Baker, and for his cause of action alleged that on and prior to February 4, 1931, he was the owner in fee simple of a certain described tract of land located in Pulaski County, Arkansas; that on the last-mentioned date, by mistake he signed and executed a warranty deed by the terms of which he conveyed to appellants said tract of land in fee simple, when in truth and in fact the intentions of the parties were that said written instrument was to be a mortgage to secure certain advances that had been made. By general denial the appellants put in issue these allegations, and the case was made ready for trial. From the evidence adduced upon the trial the chancellor found that the deed of February 4, 1931, was intended by the parties as a mortgage to secure advances then and theretofore made in the sum of $250 and directed foreclosure; the court also denied reduction of the advances by reason of rentals. From this decree both parties have appealed to this court.

The testimony adduced at the trial in favor of appellee tended to establish that in the early part of 1930 appellee became ill and was lodged in a Little Rock hospital for treatment and there incurred obligations of something more than $100; that soon after he was released the said hospital began insistently demanding the payment of its bills; that appellee approached appellant Eagle Walker, in reference to advance of money sufficient to pay these hospital bills, and that Walker agreed to pay the bills for him and accept a mortgage against appellee's tract of land to secure him in such advances; appellee is about 60 years of age, uneducated and incapable of taking care of himself in a business transaction; that the value of the tract of land on February 4,

1931, was between $1,000 and $2,500; appellee did not know that appellant claimed to own the land until sometime in 1934, and, upon being apprised of their claim of ownership, immediately instituted this suit; appellee has resided upon this land since the execution of this deed to appellants in 1931 and has rented a part thereof to appellant Walker subsequent to the deed; that Walker has refused to pay a reasonable rental therefor. Appellee testified that he did not know and was not advised by appellants or any one else that he was executing a deed to his lands when he signed the written instrument, but on the other hand was told that he was signing a mortgage. The testimony adduced by appellee was sharply contradicted by that offered by appellants, but it would serve no useful purpose to set it out in detail. It must suffice to say we have carefully read and considered all the testimony, and we are of the opinion that the chancellor's finding is not against the clear preponderance of the testimony. It is true, of course, that we have consistently held that the testimony to warrant the court in holding that a written instrument is not what it purports to be upon its face must be clear, concise and convincing. See *McIver* v. *Roberts,* 112 Ark. 607, 165 S. W. 273. But it is also true that the inadequacy of the consideration supporting such written instrument is a potent circumstance to be considered by the court. *Wimberly* v. *Scroggin,* 128 Ark. 67, 193 S. W. 264.

The clear preponderance of the testimony shows that this tract of land on February 4, 1931, was of a value greatly in excess of $250, the sum which the chancellor found was due appellant, Walker, as advances. This circumstance, taken in connection with appellee's testimony, is amply sufficient to sustain the chancellor's finding.

On cross-appeal but little need be said. Appellee's claim of rentals is supported only by his own testimony. Courts are not required to receive and accept blindly the testimony of parties to the suit. *Elmore* v. *Bishop,* 184 Ark. 243, 42 S. W. (2d) 399; *McGraw* v. *Miller,* 184 Ark. 916, 44 S. W. (2d) 366. And this is all sufficient to dispose of this assignment.

For the reasons stated, the decree is affirmed on appeal and cross-appeal.