### CASTEEL *v.* CASTEEL.

4-7073                                    171 S. W. 2d 1004

Opinion delivered May 10, 1943.

838

T. E. Lines, for appellant.

Giles Dearing, for appellee.

Knox, J. At, and for several years prior to, her death, which occurred in November, 1927, Mrs. Emerline Bullard, was the owner of two small tracts of land in Cross county, Arkansas, her homeplace north of Wynne, and a tract located west of Wynne, acquired from A. M. Taylor in 1889, the deed from Taylor reciting that the tract contained 44 acres of land.

Mrs. Bullard left surviving her, as her only heirs, three sons, to-wit: William Walter Casteel, the appellant, Samuel Luther Casteel (now deceased), husband and father of appellees, and James K. Polk Bullard.

On April 14th, 1928, Bullard conveyed to the two Casteel brothers his interest in the forty-four-acre Taylor tract, and they in turn conveyed to him their interest in the home tract.

On May 24th, 1928, appellant and his wife executed a deed of trust to T. M. Ellis, conveying appellants undivided one-half interest in the Taylor tract to secure an indebtedness of six hundred ($600) dollars due from appellant to Mrs. W. B. J. Perry.

On May 11, 1933, there being then due in principal and interest on said indebtedness the sum of eight hun-

drcd ($800) dollars appellant and his brother, and their wives, in satisfaction and discharge of such indebtedness, made, executed and delivered to Mrs. Perry a warranty deed conveying to her a strip of land seven (7) chains and seventy-five (75) links wide running north and south off the west side of the Taylor tract. The number of acres conveyed to Mrs. Perry cannot be calculated solely from the description contained in the Perry deed, and the amount of acreage covered thereby is not set out therein. Appellant testified that the part conveyed to Mrs. Perry comprised twenty acres, while appellee, Mrs. Mollie Casteel, testified that it covered one-half of the entire tract. It is undisputed that the conveyance to Mrs. Perry was made for the sole benefit of appellant and in satisfaction of his individual indebtedness.

Prior to her death, Mrs. Bullard had a strip of land, consisting of some four or five acres, on the east side of this tract surveyed off. Appellant testified that he did not know for what purpose this survey was made, but Mollie Casteel testified that it was the intention of Mrs. Bullard that her sons, Walter and Luther, should each erect homes on this tract of land, Walter to build on and occupy the north part, and Luther the south part thereof. No deeds or other instruments of conveyance were executed, and neither son was put in possession during the mother's lifetime.

Luther Casteel died in 1934, leaving his widow, Mollie Casteel, and one son, Charlie L. Casteel, the appellee here.

After the death of Mrs. Bullard, and prior to the conveyance to Mrs. Perry, Luther Casteel had charge of the entire forty-four acre tract, and after the conveyance to Mrs. Perry he had charge of the remaining part thereof, and since his death his widow has been in possession thereof.

On August 27th, 1936, appellant filed this suit praying that that part of the land in the Taylor tract not previously conveyed to Mrs. Perry "be partitioned in kind, that his one-half interest be set off to him after having been charged with the value of the tract heretofore conveyed to the said Perry . . ."

In his testimony, however, he stated that the relief he is "seeking in this suit is a division of the five acre tract, and adjustment of the difference between the east twenty and the west twenty of the other forty acres."

Evidently the five acres which he referred to was the strip of land on the east side which Mrs. Bullard had caused to be surveyed in her lifetime, intending that her sons should erect their homes thereon.

A witness for appellant testified that the land was all of the same fertility and character, but that on account of its closer proximity to the city of Wynne he was of the opinion that the east half of the tract was worth five dollars per acre more than the west half. The evidence is undisputed, however, that at the time of the conveyance to Mrs. Perry there was an old house situated on the tract conveyed to her, and no improvements on the remaining part of the land.

In the case of *Seawall* v. *Young*, 77 Ark. 309; 91 S. W. 544, it was held that where cotenants orally divide land between themselves, and each takes possession of his allotted share, and one executes a deed to the other in accordance with the agreed division, the latter is bound by the division so made without the execution of any deed by him.

Other jurisdictions have held that a cotenant who conveys to a third party land which has been allotted to him in an oral partition thereby ratifies such partition and estops himself to deny the validity thereof. *Corbett* v. *Norcross*, 35 N. H. 99; *Mount* v. *Morton, et al.,* 20 Barb. (N. Y.) 123; *Blackwell* v. *Harrelson*, 99 S. C. 264, 84 S. E. 233; Ann. Cas. 1916E, 1263.

In the case at bar appellant's cotenant did not make a deed directly to him as was the case in *Seawall* v. *Young, supra,* nor did appellant alone execute a conveyance to his grantee as was done by the persons to whom the lands were allotted in the other cases cited, but this is a matter of form rather than substance. Here, for his sole benefit, appellant induced his cotenant to join with him in the execution of a deed to Mrs. Perry, conveying a portion of the land held by them in common. If the

land so conveyed constituted the portion of the entire tract allotted appellant under an oral agreement of partition made between him and his cotenant, then he is bound thereby.

As was said by Mr. Justice Wood in the case of *Seawall* v. *Young, supra,* "a voluntary partition or division of land by cotenants may be established by any competent evidence."

By his prayer for owelty, based upon the alleged difference in the value of the portion conveyed for his benefit to Mrs. Perry, and all of the remaining portion of the tract, except the four- or five-acre strip on the east side, which the mother in her lifetime had caused to be surveyed, appellant impliedly admits that there was in fact an agreement of partition between himself and his brother at the time of the conveyance to Mrs. Perry, which agreement effected a partial division, at least, of the tract. In other words, a prayer for owelty presupposes a division or partition in kind of lands between the parties.

Other facts and circumstances appearing in the record strongly justify the inference that at or about the time of the conveyance to Mrs. Perry there was an agreement reached between the brothers respecting the division between themselves of a part, if not all, of this tract of land.

The question, therefore, is presented as to what were the terms of this agreement, and what lands were affected thereby.

We find that the solution of this question is somewhat simplified by the determination first of the question as to who has the burden of proof in respect to it.

In 40 American Jurisprudence, p. 16, it is stated: "As to the extent and sufficiency of severance under a parol partition, it has been held that the partition need not include all the land held in common, but should include all interests in any part which is the subject of the agreement."

In support of the text the authors cite the case of *Byers* v. *Byers,* 183 Pa. 509, 38 A. 1027, 63 Am. St. Rep.

765, 39 L. R. A. 537, where it was held (quoting from syllabus contained in Atlantic Reporter): "Where tenants in common make a parol partition, the presumption is it included the whole land, the coal as well as the surface; and if one claims that the partition was only as to the surface; and did not include the coal, the burden is on him to show that fact."

We have reached the conclusion that where a portion of a tract of land held in cotenancy is conveyed to one of the cotenants, or to a third person at his request and for his benefit, and the value of such tract so conveyed is not, at the time of such conveyance, unreasonably disproportionate to the value of the undivided interest which such cotenant held in the entire tract just prior to such conveyance, a presumption arises that such conveyance was made in conformity to an agreement reached between the cotenants for the division and partition of the entire tract, and that the lands described in such conveyance constitute the lands allotted to such cotenant as his full interest in the entire tract, and the burden rests upon one claiming that such agreement of partition was not made, or if made that it did not cover or affect the entire tract, to establish such facts by a preponderance of the testimony.

In this case, therefore, the burden of proof rested upon the appellant to show by a preponderance of the testimony that he was not denuded of all title and interest in the remaining portion of the tract, by reason of the conveyance to Mrs. Perry.

The effect of appellant's own testimony is that such was not the case. Mrs. Mollie Casteel on the other hand testified that she did not understand that appellant claimed any interest in that portion of the lands not conveyed to Mrs. Perry until after the filing of this suit.

Even if it could be said that the testimony of Mrs. Casteel was not in conflict with the testimony of appellant, still appellant's testimony would not be regarded as being undisputed. We have repeatedly held that the testimony of a party to the action is not to be considered as being undisputed, and that courts are not required to

receive and accept blindly such testimony; *Walker* v. *Streeter,* 191 Ark. 604, 87 S. W. 2d 43; *Rutherford* v. *Casey,* 190 Ark. 79, 77 S. W. 2d 58; *Walker* v. *Eller,* 178 Ark. 183, 10 S. W. 2d 14; *Kilgo* v. *Garvin,* 201 Ark. 403, 144 S. W. 2d 1067.

The chancellor in dismissing appellant's complaint must have found that appellant had failed to produce that preponderance of testimony necessary to overcome the presumption that the conveyance to Mrs. Perry was made in conformity to an agreement for partition of the entire tract, and that the lands conveyed to Mrs. Perry constituted the portion allotted to him under such agreement as his full interest in the entire tract.

We cannot say that the findings of the chancellor are erroneous, and the decree is, therefore, affirmed.