GREER *v*. COOK.

Opinion delivered November 16, 1908.

1. INJUNCTION—ENJOINING PROCEEDINGS IN ANOTHER STATE.—The rule that when a debtor and creditor are residents of the same State an attempt of the latter to evade the exemption laws of the State by suing in another State may be enjoined in equity is not applicable where one of two creditors suing is a resident of another State. (Page 95.)

2. SAME—FORMER SUIT PENDING.—A resident of this State will not be enjoined from prosecuting an action in another State because a suit by him upon the same claim is already pending in this State. (Page 96.)

3. SAME—ABUSE OF PROCESS.—The fact that a creditor sued his debtor in a foreign jurisdiction for the sole purpose of vexation and oppression does not authorize the interposition of a court of equity by injunction; the remedy being at law for the malicious abuse of process. (Page 96.)

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Special Chancellor; reversed.

*W. T. Tucker* and *Vaughan & Vaughan,* for appellant.

1. There was a complete and adequate remedy at law, and in such case it was error for the chancery court to assume jurisdiction. 7 Ark. 520; 13 Ark. 630; 26 Ark. 649; 27 Ark. 97; 48 Ark. 331; 14 Ark. 50; *id.* 360; 18 Ark. 546; 16 Cyc. 45 and note 90; *id.* 46, 47 and notes.

2. It is shown by the complaint that another action was pending between the same parties for the same cause, wherefore the demurrer should have been sustained. Kirby's Dig., § 6093, sub-div. 3; 70 Ark. 71; 34 Ark. 410; 5 Ark. 9; 13 Ark. 600; 28 Ark. 341; 50 Ark. 34; 14 Ark. 50.

3. A debt which is not barred by the statute of limitations of the State in which the action is being prosecuted, the defendant being found in that State, may be prosecuted in that State, and equity will not interfere to enjoin the prosecution of such action. Beach on Injunctions, § 569; 142 Ill. 450; 2 Story, Eq. Jur. 12th Ed., § 1521; *id.* § 61; 13 Am. & Eng. Enc. of L. 674 and note; 19 Fed. 609; 126 Ill. 58. See also 72 Ill. 492; 83 Ill. 365; 142 Ill. 248.

*Robertson & DeMers,* for appellee.

The chancery court had jurisdiction to hear and determine this cause and to restrain the further prosecution of the garnishment proceedings in Missouri. 45 Ark. 189; 97 Ala. 399; 142 Mass. 47; 4 Allen, 545; 43 Hun, 348; 3 Abb. Pr. 377; 62 How. Pr. 284; 86 Fed. 984.

McCulloch, J. Cook is a railroad locomotive engineer, and resides in Pulaski County, Arkansas, and one Shilling, acting through his agent and attorney, Greer, sued him before a justice of the peace of Pulaski County for a debt of $51.32 alleged to be due on open account for goods sold. Judgment was rendered in favor of Shilling for the alleged debt and cost, and afterwards a writ of garnishment was issued on the judgment and served on Cook's employer, the St. Louis, Iron Mountain & Southern Railway Company, to seize his wages. He appealed from the judgment of the justice of the peace to the circuit court, and superseded the judgment.

While the case was pending in the circuit court, Shilling and Greer (an interest in the alleged debt having been assigned to the latter in payment for his services as collecting agent) as-

signed the claim to one Dart at Kansas City, Missouri, for the sole purpose of having a new suit brought on the claim in Dart's name in the State of Missouri. The new suit was instituted at Kansas City, including garnishment proceedings against the railway company to seize the same wages of Cook covered by the garnishment in the Arkansas suit.

Cook then instituted the present action in equity to enjoin the further prosecution of the Missouri action, alleging that it was being prosecuted in another State for the purpose of defeating his right of exemptions as a resident of the State of Arkansas. He also alleged in his complaint that he did not owe the alleged debt. The chancellor granted a perpetual injunction as prayed for, and also rendered a decree in Cook's favor for the sum of $75 damages found to have been sustained on account of the wrongful prosecution of the Missouri action.

Shilling and Dart, being non-residents of the State, were not made parties to the suit, Greer and the railroad company being the only defendants. It seems to be well established by authority that when a debtor and creditor are residents of the same State an attempt of the latter to evade the exemption laws of the State of their domicil by bringing suit in another State may be enjoined by a chancery court. *Griffith* v. *Langsdale,* 53 Ark. 71; note to *Rader* v. *Stubblefield,* 10 A. & E. Annotated Cases, p. 26.

And the same doctrine is often extended so as to prevent other evasions of the laws of the State of the domicil of the parties. But this court in the case above cited expressly limited the application of the rule to suits between parties residing in the same State, and refused to enjoin a resident of another State from suing in that State a citizen of this State, even though the effect of it was to prevent the latter from getting the benefit of his exemptions.

The complaint in the present case does not set forth the residence of either party to the suit sought to be enjoined, nor does the proof show definitely where they reside, but it does show that Shilling, the original creditor, is not a resident of the State of Arkansas. He may have been a resident of the State of Missouri, for aught the record discloses. It was the duty of appellee to allege and prove facts sufficient to entitle him to the

relief sought, and, having failed to do so, the relief must be denied.

It is true that Greer, to whom an interest in the debt alleged to be due from appellee had been assigned as compensation for his services in collecting it, resided in this State, but as his co-creditor resided in another State they had the right to bring another action there to collect the debt.

The fact that an action was first instituted and was pending here when the new action was commenced in Missouri does not alter the case. Whether or not the bringing of a new action in a foreign jurisdiction operates as an abatement of the action here, we need not decide. The result turns upon the right of the creditor to bring his action in another State without being open to the charge of having fraudulently evaded the laws of this State; and if he had the right, in the first instance, to sue in another State, the fact that he had already instituted suit here does not cut off that right. The fact that the creditor instituted the suit in a foreign jurisdiction for the sole purpose of vexation and oppression does not authorize the interposition of a court of equity by injunction. The remedy, if any, is at law for the malicious abuse of process. *Baxley* v. *Laster,* 82 Ark. 236.

The case of *Pickett* v. *Ferguson,* 45 Ark. 177, which is relied on by appellee to sustain the decree, has no application, for there the court of equity in this State had assumed jurisdiction of all the parties and subject-matter of the litigation on other well-established grounds of equity jurisdiction, and, as an incident to the proper adjudication of the matters involved, enjoined one of the parties from prosecuting a suit in Tennessee involving the same issues. The injunction was granted at the instance of cross-complainants, and this court approved it on the ground that, inasmuch as all of the necessary parties were not before the Tennessee court, complete relief could not be given them. No such state of facts exist in the present case. Here the jurisdiction of the chancery court was invoked for the sole purpose of granting an injunction to stop the prosecution of an action at law in a foreign jurisdiction.

We are clearly of the opinion that no grounds are shown for equitable interference, and the decree is therefore reversed with directions to dismiss the complaint.