MCDANIEL *v.* ALFORD *et al.*

HILL, J. The courts of one State may take jurisdiction of a transitory cause of action originating in another State, when the defendant has been locally found and served, although both parties are at the time domiciliary residents of a foreign State. When both parties to an action in a sister State are domiciled in another, the courts of equity in the latter may act in personam and direct the parties by injunction to proceed no further in such suit. But in such case the power is not exercised capriciously, nor merely to compel litigants to use the courts of their own State, nor even because the complainant has good reason to apprehend a less favorable result for himself in a foreign court.

39

And in such case it is necessary to show that the purpose, or necessary effect, of such action is to obtain an unconscionable or inequitable advantage to which the plaintiff therein would not be entitled in the domicile of the parties. *Engel* v. *Scheuerman*, 40 *Ga.* 206 (2 Am. R. 573); *Eingartner* v. *Ill.* Steel Co., 94 Wis. 70 (68 N. W. 664, 34 L. R. A. 503, 59 Am. St. R. 859); *Weaver v. Ala.* Great So. R. Co. (Ala.), 76 So. 364; *Rader v.* Stubblefield, 43 Wash. 334 (86 Pac. 560, 10 Ann. Cas. 20); note to *Greer v. Cook*, 16 Ann. Cas. 673 (88 Ark. 93, 113 S. W. 1009); 14 R. C. L. (Injunctions), §§ 115, 116, 117, 119.

2. Applying the foregoing principles to the allegations of the petition as amended in this case, the plaintiff failed to allege a cause of action for injunctive relief.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Gilbert, J., dissenting.*

No. 875.   DECEMBER 11, 1918.

Equitable petition.   Before Judge Tarver.   Catoosa superior court.   February 1, 1918.

D. H. McDaniel, of Walker county, Georgia, brought an equitable petition against T. C. Alford and his wife, Mrs. Daisy Alford, of Catoosa county, Georgia, to enjoin them from prosecuting an action instituted by them against the plaintiff in the chancery court of Hamilton county, Tennessee, the purpose of which was to recover damages for an alleged breach of warranty in a certain deed executed by the plaintiff in the present action to the defendants, conveying certain land in Catoosa county, Georgia; the plaintiffs in the Tennessee action reciting that the defendant conveyed to them 72 acres, more or less, and alleging that upon measurement of the land it contained only 52 acres, more or less, etc. The plaintiffs are basing their Tennessee suit upon a statute of that State which provides that in all transitory actions the right of action follows the defendant, unless otherwise expressly provided. Both the plaintiff and the defendants in the present suit are domiciled in the State of Georgia. The petition in the present case, so far as pertinent, alleged substantially as follows: The defendants were formerly residents of Hamilton county, Tennessee, and the suit in Tennessee is based upon a cause of action alleged to have arisen in Catoosa county, Georgia, growing out of the sale of certain land above referred to. The plaintiff is subject to the jurisdiction of the courts of Georgia, and he is thoroughly solvent in Georgia. He has no property in Tennessee, and there is no legal reason why the action against him should have been instituted in the State of Tennessee, except "that the defendants herein, with their acquaintances and connections in Tennessee, feel that they have an advan-

tage over petitioner in the courts of Tennessee which they would not have in Georgia, and petitioner alleges that this is the sole reason why this action was instituted in Hamilton county, Tennessee, and said bill, as petitioner alleges, was prepared and lay in wait for petitioner, who occasionally visits Chattanooga, and that when it was learned by the defendants herein that petitioner was in Hamilton county, Tennessee, the same was filed and served upon him in an effort to take the advantage which the defendants herein believe to exist in their favor by reason of the action having been brought in Tennessee, where petitioner will be required to produce his proof in a foreign jurisdiction and prove the law of Georgia as a substantive fact, employ foreign counsel, and be subjected to much annoyance for which there is no relief against the defendants herein, such expense not being recoverable against them in the event petitioner should be required to defend his rights in Tennessee and succeed in sustaining them, and inasmuch as this is not an action by attachment, wherein the defendants have not given any bond to respond in damages for costs or other damages to which petitioner may be subjected in the event defendants should be cast in this suit; thus and in this way the expense to which petitioner is liable to be subjected, in being required to go into a foreign jurisdiction and defend his rights, are damages which are in law and in fact irreparable." The rights of the parties to the suit in Tennessee are controlled by the law of Georgia, which is well known and defined by the statutes and the decisions of the Supreme Court in cases of like character; the law of the State of Tennessee is not applicable in so far as the rights of the parties are concerned, and the law of Tennessee applicable to the facts and conditions herein shown is decidedly different and contrary to the law of Georgia. The action of the defendants in going into Tennessee and filing their suit there and lying in wait for petitioner to enter that State, when service was effected upon him personally, is an effort on the part of the defendants to avoid the courts of Georgia, and is a deliberate effort to seek an undue and unfair advantage and cause him additional expense, burden, and annoyance, which plaintiff believes and charges a court of equity will not sanction or approve. By amendment plaintiff alleged that the Tennessee suit "was fraudulently instituted by defendants for the purpose of harrassing and annoying petitioner and for the pur-

pose of forcing petitioner to pay the defendants money rather than be forced into the courts of Tennessee to defend the suit." The defendants are insolvent and unable to pay the balance of the purchase-money on the land, and unable to respond in damages for a malicious suit in the State of Tennessee.

The defendants filed a general demurrer to the petition, which was sustained, and the plaintiff excepted.

*W. E. Mann,* for plaintiff.    *McClure & McClure,* for defendants.