LINEBACK *v.* HOWERTON.

Opinion delivered March 24, 1930.

A. L. Smith, for appellant.

E. B. Hunt, for appellee.

BUTLER, J. On the 19th day of March, 1929, E. O. Howerton, a Cherokee Indian, member of one of the Five Civilized Tribes, died in Delaware County, Oklahoma, at his place of residence, leaving real estate and personal property in said county, and real estate in Benton County, Arkansas, and also certain government bonds of considerable value in the custody of the First National Bank of Siloam Springs, Benton County, Arkansas. Howerton had resided at Siloam Springs, Arkansas, for a short time, and there became indebted to the Producers' State Bank of Siloam Springs in the sum of $1,500, evidenced by two promissory notes executed, respectively, on the 19th and 21st days of December, 1927, due in 90

and 60 days after date. Payments had been made on the notes in question which reduced the amount due to $1,478.97. After the death of Howerton an effort was made to collect from Irene Howerton, the widow of E. O. Howerton, on the two notes, but payment had been refused on the ground that they were not just claims.

On the 20th day of May, 1929, the Producers' State Bank filed in the probate court of Benton County a petition for the appointment of an administrator on the estate of Howerton, deceased, setting forth his death in Delaware County, Oklahoma, the indebtedness due by the deceased to the petitioner in his lifetime, and that the deceased left no relatives in Benton County who would be entitled to administer his estate, but left a widow and two infant children in Delaware County, Oklahoma, and that the widow had refused to administer on the estate of deceased in Delaware County, Oklahoma, or elsewhere; that the deceased owned an estate in Benton County, Arkansas, and prayed that citation be issued to Mrs. Howerton to show cause why an administrator should not be appointed in Benton County, Arkansas. The hearing of the petition was set for June 17, and notice of the application given Mrs. Howerton, who, on the day set for the hearing of the application, appeared and filed objections to the appointment of the administrator for the reason that the court had no jurisdiction to hear the application or to grant the administration, and that the statutory time in which to have an administrator appointed in the State and county of the decedent's residence had not expired. On the hearing the court rendered judgment in favor of the petitioner, appointing W. L. Lineback administrator, who qualified and gave bond. Letters were duly issued to him by the clerk of said court, from which order and judgment Mrs. Howerton appealed to the circuit court of Benton County, and on the 18th day of September, 1929, renewed her motion to dismiss on the ground that the deceased died domiciled in, and a resident of, Delaware County, Oklahoma,

that he was a member of the Five Civilized Tribes and a Cherokee Indian by birth, and that the court was without jurisdiction to hear and determine the petition for administration, and that the order made by the probate court was void.

A response was filed to this motion, and the case was heard on the pleadings and the testimony of a number of witnesses, from which it appeared that Howerton was a member of the Five Civilized Tribes and enrolled as a citizen in the Cherokee Nation. At the time of his death he owned real and personal property in Oklahoma and in Benton County, Arkansas. Testimony was also introduced, to which objection was made because of incompetency, tending to show that after the application for, and the appointment of, the administrator in Arkansas, letters of administration had been issued by the proper court in Delaware County, Oklahoma, and that the estate of the deceased was then in the process of administration in said State. The judgment of the court, after reciting the filing of the motion of Irene Howerton to dismiss for want of jurisdiction and the response thereto by the administrator, found that, "since there is now an administration of the estate of E. O. Howerton duly established in Delaware County, Oklahoma, not a great distance from Siloam Springs where the plaintiff resides, and that due notice to creditors to present such claims as creditors may have against said estate has been given, and that plaintiff yet has ample time to present its claim to the administratrix, and if disallowed may try the issue before the probate court of Delaware County, Oklahoma, and the court, being advised, doth dismiss said cause of action at the cost of plaintiffs." From this judgment the administrator has duly prosecuted this appeal.

After the judgment and while the appeal therefrom was pending in this court, the Producers' State Bank on the 23rd day of December, 1929, filed its claim for the balance due on the notes aforesaid amounting to the sum

of $1,478.97, inclusive of interest to October 10, 1929, in the district court in Delaware County, Oklahoma, and the appellee filed in this court her motion to dismiss the appeal herein because by the filing of the claim in the Oklahoma court the jurisdiction of that court was recognized, and therefore the appellant was barred from further litigation of the claim in the courts of this State.

We find no merit in the motion to dismiss the appeal, as it is well settled that an action pending in a foreign court cannot be pleaded in bar or abatement of a proceeding upon the same cause of action in the courts of this State (*Grider* v. *Apperson & Co.*, 32 Ark. 332; *Moore & Co.* v. *Emerick,* 38 Ark. 203) and a resident of this State, it has been held, will not be enjoined from prosecuting an action in another State because a suit by him upon the same claim is already pending in this State. *Green* v. *Cook,* 88 Ark. 93, 113 S. W. 1009, 16 Ann. Cas. 671. See also *Williams* v. *Ayrault,* 31 Barb. 364; 1 C. J., 1165, § 426.

We are unable to discover anything in the acts of Congress referred to and quoted by the appellee regarding the jurisdiction of Indians and their property that would preclude the courts of this State from dealing with property of an Indian, whether alive or dead, which is situated within the borders of this State. At most, these statutes were intended to apply to the personal and property rights of Indians in the Indian Territory, now a part of the State of Oklahoma, reserving to the government of the United States the right to preserve by law the property and other rights of the Indians acquired by treaty or otherwise and could not have, and were not intended to have, any extra-territorial effect.

The judgment of the court appears to have been bottomed on the fact that at the time of its rendition there was an administration pending in the courts of Oklahoma where the appellant's rights might be enforced, and on this ground administration in this State was denied. In this holding the trial court erred. Without

passing on the question of the competency of the testimony presented to establish the existence of the administration in Oklahoma, as the determination of that question is not necessary, we are of the opinion that the probate court of Benton County, Arkansas, had jurisdiction, and it was its duty, on petition, regardless of the administration pending in a foreign State, to appoint an administrator to protect the rights of the domestic creditors, thus relieving them from the necessity of having to invoke the aid of foreign jurisdiction to establish and enforce the claims against a decedent estate to residents of Benton County, and having property therein. It was the duty of the administrator, thus appointed, after the claims had been allowed by the court, to proceed to collect out of the assets in this State the amount of the claims, to report his action to the court and pay whatever surplus, if any, to the administrator of decedent's domicile. As the appellee had failed and refused to administer upon the estate of the decedent, the appellant, Producers' State Bank, as a creditor, had the preferential right next to the widow and heirs to move for the appointment of an administrator. We think there is no doubt as to the correctness of the position taken, and it is in accord with our decisions. *Clark* v. *Holt,* 16 Ark. 257; *DuVal* v. *Marshall,* 30 Ark. 231; *Williamson* v. *Furbush,* 31 Ark. 539; *Shegogg* v. *Perkins,* 34 Ark. 117.

In the case of *Clark* v. *Holt,* 16 Ark. 257-268, where an administration was granted in the State of Tennessee on the application of local creditors, and afterward letters testamentary were issued by the probate court of Allen County, in the State of Kentucky, this court said: "We are not to suppose that the county court of Davidson County, Tennessee, granted letters to the appellant for the purpose of authorizing him to administer such of John Clark's estate as was in Kentucky, where he was domiciled, or in any other State, but for the purpose of taking charge of and administering such of his assets * * * as were found within the jurisdiction of that

court; and this, we have seen from the general principles of law above quoted, that court had the right to do, and no local law of Tennessee to the contrary is averred. On this hypothesis, there would be no necessary conflict between the administration in Kentucky and that granted to the appellant in Tennessee, though the latter would be ancillary to the former, and the appellant would have finally to account to the executor or administrator, with the will annexed, appointed in Kentucky, that being the domicile of John Clark, and the laws of the domicile controlling the disposition of his estate, subject to the provisions of his will.''

This decision has been followed and approved in the cases cited *supra,* and is a sufficient answer to the contention of the appellee, and necessitates a reversal of this case. The cause is therefore reversed and remanded to the circuit court of Benton County with directions to enter judgment in accord with the findings and judgment of the probate court.