20495. SANDERS *et al. v.* YATES *et al.*

ARGUED JUNE 8, 1959—DECIDED JULY 9, 1959.

*Frank M. Gleason,* for plaintiffs in error.

*Langford & Stolz,* contra.

ALMAND, Justice. The judgment under review is one sustaining the general and special demurrers to an equitable petition seeking to enjoin the defendants, residents of Walker County, Georgia, from further prosecuting, in the Circuit Court of Hamilton County, Chattanooga, Tennessee, their suit against the plaintiffs, who are residents of Walker County, Georgia, for damages growing out of an automobile accident in Walker County, Georgia.

The petition of the plaintiffs stated the following case for equitable intervention: All witnesses (except medical) reside in Walker County, and cannot be compelled to appear in the courts of Tennessee. Under the laws of Georgia, a guest cannot recover from his host unless he proves gross negligence in the operation of the motor vehicle, whereas under the laws of Tennessee a guest may recover from a host by proof of want of ordinary care, or simple negligence. The plaintiffs cannot compel witnesses residing in Georgia to appear before a court commission to give evidence in the form of depositions for use in the courts of another state. The plaintiff James Sanders was served with process in Tennessee while he was at his place of employment; the plaintiff Richard Sanders was driven into Tennessee by the

defendant Douglas Sanders, who knew that the plaintiff Richard Sanders was going to the unemployment office to receive unemployment benefits, and he was served with process as he was walking out of the unemployment office. The defendants have taken an unfair, inequitable, and unconscionable advantage over the plaintiffs, and if they are permitted to continue prosecution of such action, the plaintiffs will be deprived of the right of due process of law, and will be put to great expense. No valid reason exists for the selection of a forum in a foreign state, and such a practice smacks of an attempt to locate a "soft spot" in the courts of the land far removed from the court having complete jurisdiction of the controversy and the parties, and such practice should be frowned upon and discouraged by the courts of this State.

"The courts of one State may take jurisdiction of a transitory cause of action originating in another State, when the defendant has been locally found and served, although both parties are at the time domiciliary residents of a foreign State. When both parties to an action in a sister State are domiciled in another, the courts of equity in the latter may act in personam and direct the parties by injunction to proceed no further in such suit. But in such case the power is not exercised capriciously, nor merely to compel litigants to use the courts of their own State, nor even because the complainant has good reason to apprehend a less favorable result for himself in a foreign court. And in such case it is necessary to show that the purpose, or necessary effect, of such action is to obtain an unconscionable or inequitable advantage to which the plaintiff therein would not be entitled in the domicile of the parties." *McDaniel* v. *Alford*, 148 *Ga.* 609 (1) (97 S. E. 673). This rule of law was approved and reiterated in the case of *Atlantic Coast Line R. Co.* v. *Pope*, 209 *Ga.* 187 (71 S. E. 2d 243), where citations of numerous authorities from other jurisdictions are listed as to what circumstances will authorize a court of equity, having jurisdiction over the resident plaintiff and defendant and the cause of action, to enjoin the defendant from prosecuting his action against the plaintiff in the courts of another state.

We are of the opinion that the allegations of the petition,

which we have fully set out above, are sufficient to "show that the purpose or necessary effect of such action" in the Tennessee court was "to obtain an unconscionable or inequitable advantage to which the plaintiff therein would not be entitled in the domicile of the parties."

While the allegations in the petition are in many respects similar to the allegations of the petition in the *McDaniel* case, supra, the ruling in that case, that the petition failed to allege a cause of action for injunctive relief, was not by a unanimous bench and such ruling is neither binding nor controlling here.

The petition, stating a cause of action for injunctive relief, was sufficient as against the demurrers interposed, and it was error to sustain the demurrers and dismiss the petition.

*Judgment reversed. All the Justices concur.*