# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF DONALD JAMES STARKEY, A/K/A DONALD J. STARKEY, A/K/A DONALD STARKEY, DECEASED.

No. 83329

FILED

OCT 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

REZA BAYATI,
Appellant,
vs.
STEVE CONNOLLY, REALTOR; AND BOB GETTO, PUBLIC ADMINISTRATOR OF THE ESTATE OR DONALD J. STARKEY,
Respondents.

## ORDER DISMISSING APPEAL

This is a pro se appeal from a district court order denying appellant's ex parte motion to stay escrow, in which he apparently sought to prevent completion of the sale of certain real property in a probate action. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *See Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). Neither NRAP 3A(b) (providing list of generally appealable orders) nor NRS 155.190 (providing list of orders that are appealable in a probate matter) authorize an appeal from an order denying a stay of escrow. Indeed, this court has consistently held that an order denying a motion for a stay is not an appealable order. *See Brunzell Constr. v. Harrah's Club*, 81 Nev. 414, 419,

21-30327

404 P.2d 902, 905 (1965). Although appellant characterizes the order as denying an injunction, which is appealable under NRAP 3A(b)(3), we decline to treat the order as denying an injunction. *See Dodge Bros. v. Gen. Petroleum Corp.*, 54 Nev. 245, 249, 10 P.2d 341, 342 (1932) (Ducker, J., concurring) (recognizing that injunctions either restrain or require a person to do a particular act); *Ark. Dept. of Human Res. v. Hudson*, 994 S.W.2d 488 (Ark. 1999) (refusing to construe an order staying an agency's decision as an injunction, because it did not determine issues presented in the complaint).

Moreover, only an aggrieved party may appeal. NRAP 3A(a). Generally, a party is a person who has been named as a party to the lawsuit and who has been served with process or appeared. *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 447, 874 P.2d 729, 734 (1994). Appellant was not named as a party in the proceedings below. And while any "interested person" may participate in probate actions, "interested person" is defined as someone "whose right or interest under an estate or trust may be materially affected by a decision of a fiduciary or a decision of the court. The fiduciary or court shall determine who is an interested person according to the particular purposes of, and matter involved in, a proceeding." NRS 132.185; *see also* NRS 132.390. Here, appellant claims no right under the estate and the district court appears to have determined that he is not an interested person for the purposes of contesting the confirmation of sale. *See generally Balaban v. Bank of Nev.*, 86 Nev. 862, 867, 477 P.2d 860, 863 (1970) ("an unsuccessful bidder is not a person interested in the estate"). Thus, it appears that, as a person claiming only to have an agency relationship with the winning bidder of estate property, such that the dispute lies between appellant and the winning bidder alone, appellant's status in the probate

proceedings is not that of "party" entitled to appeal. Accordingly, we lack jurisdiction and

ORDER this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver


cc:     Hon. Leon Aberasturi, District Judge
        Reza Bayati
        Steve Connolly
        Wayne A. Pederson, P.C.
        Third District Court Clerk